# CHARLESTON.

STATE EX REL. WOODCOCK V. BARRICK AND YOST.

Submitted March 20, 1917.    Decided March 27, 1917.

1. APPEAL AND ERROR—*Supersedeas—Restoration of Dissolved Injunction.*

    An injunction which has been dissolved by a circuit court is restored to full force and effect by the granting and making effective of an appeal and supersedeas to the decree dissolving the same. (p. 65).

2. INJUNCTION—*Contempt—Violation of Order of Injunction.*

    In such case, if a party to such suit violate the provisions of the order of injunction after such appeal and supersedeas has been awarded and made effective, he is guilty of contempt of the court awarding the appeal and supersedeas. (p. 66).

Contempt proceeding by the State, on the relation of William R. Woodcock, against Charles W. Barrick and E. H. Yost. Respondents adjudged in contempt of the Supreme Court of Appeals by reason of their violation of its order, and adjudged to pay a fine.

    *Respondents adjudged guilty of contempt.*

*T. M. McIntire,* for petitioner.
*Ira E. Robinson,* for respondents.

RITZ, JUDGE:

The controversy between the relator and the respondents was decided by this Court at its present term. The result of the decision was a decree requiring the respondents to re-convey to the relator certain interests secured from him under deeds held to be fraudulent and void. For a full statement of the facts reference is made to the opinion in the case of Woodcock against Barrick and Yost above referred to, and the facts will only be stated here in so far as they are neces-sary to the disposition of this rule for contempt. At the time of the institution of the suit by the relator against the respondents to compel the re-conveyance of his property to him there was pending in the common pleas court of Monroe County, Ohio, a certain suit respecting the title and interest of the parties to certain lands in that county. A decree had been entered therein adjudicating that the relator had a certain interest in said real estate, and the respondents Bar-rick and Yost a certain interest therein. Barrick and Yost were not satisfied with the decree as rendered by the court of common pleas, and were preparing to prosecute an appeal therefrom to the circuit court. At the time of the institution of his suit relator procured an injunction in the following terms: "It is adjudged, ordered and decreed that the de-fendants be and they are inhibited, restrained, and enjoined from instituting or prosecuting any suit or action now pend-ing in any court, based upon their claims of title derived through William R. Woodcock by the deeds dated June 24, 1913, and June 30, 1913, or any power of attorney or as-signment, purporting to have been made and executed by the said William R. Woodcock, to or on behalf of the de-fendants or either of them, relative to and pertaining to the interest of the said William R. Woodcock in and to any and all property both real and personal of which either William Stewart or Edwin M. Stewart died seized, wheresoever sit-uate or located. And it is further adjudged, ordered and de-creed that said Charles W. Barrick and E. H. Yost, and each of them are hereby inhibited, restrained and enjoined from selling, transferring, incumbering or disposing of any of the interest of the said William R. Woodcock in and to the prop-

erty heretofore mentioned, now claimed by them or either of them by assignment or purchase from the said William R. Woodcock, and from further prosecuting or instituting any suits or actions with relation thereto, until the further order of the Circuit Court of Wetzel County, West Virginia, or other court having jurisdiction of this cause.'' The interest which Barrick and Yost had in the lands in Monroe County, Ohio, and which the suit above referred to was brought to determine, was the interest conveyed to them by Woodcock referred to in the injunction order above. Upon a hearing in the circuit court of Wetzel County this injunction was dissolved and the plaintiffs' bill was dismissed, but on the 4th day of May, 1916, an appeal and supersedeas was allowed to the decree of the circuit court dissolving the injunction, and it was the prosecution of that appeal which resulted in the decree in favor of the relator. It appears that notwithstanding the pendency of the cause in this court on appeal and the re-instatement of the injunction above referred to because of the writ of supersedeas awarded by this Court, the respondents Barrick and Yost proceeded with the prosecution of their appeal from the judgment of the court of common pleas of Monroe County, Ohio, and succeeded in reversing that decree, the court on appeal holding that Barrick and Yost were entitled to a larger interest, by virtue of the deeds from Woodcock, than the court below had given them. There were other proceedings had in the courts of Ohio during the time that the supersedeas awarded by this Court was effective respecting the interests in this real estate secured by Barrick and Yost from Woodcock.

Since the decision of this court was announced the respondent Yost has instituted a suit in the court of common pleas of Monroe County, Ohio, against the relator, having for its object the recovery of fees claimed to be due said Yost by the relator, among them being fees and expenses in connection with the litigation concerning the land in Ohio, and sued out an attachment and levied the same on the interest of Woodcock in that land.

The relator thereupon filed his petition setting up the proceedings in Ohio by Barrick and Yost during the pendency

of the writ of supersedeas awarded by this Court, and further charged that the suit brought by Yost to recover attorney's fees, in so far as it was to recover fees for services rendered in the litigation concerning the interest of relator in the lands in Ohio, was also in violation of said supersedeas order.   Upon this petition a rule for contempt was awarded against the respondents.   The respondent ·Barrick answers the rule and files a deed showing that he conveyed away all of the interest that he had in the Woodcock lands prior to the institution of any suit by Woodcock in regard thereto, to-wit, on the first day of February, 1916, but it appears that said deed was not delivered for record, or recorded, until the 22nd day of March 1916, after the injunction was awarded by the circuit court, but before the writ of supersedeas was awarded by this court, and Barrick claims that because of the fact that he had conveyed his interest by this. deed, he had no interest in the controversy, and was in no wise in contempt of the order of this court.   It appears, however, that he and Yost together prosecuted the appeal from the judgment of the court of common pleas, and that this appeal was prosecuted and determined during the time that the writ of supersedeas issued by this court was in full force and effect.   If Barrick had no interest in the controversy he should not have been a party to the prosecution of that appeal.   He was enjoined specifically from prosecuting any suit affecting the title to this real estate, and the writ of supersedeas issued by this court had the effect to continue in force the injunction awarded by the circuit court.   37 Cyc. 602.   Whether he had conveyed away his interest before institution of the suit by Woodcock against him is not material.   The material fact is, however, that he did prosecute a suit in violation of the injunction during the time that the writ of supersedeas was in force, and did procure a decree to be entered in that suit reversing the judgment of the lower court.   9 Cyc. 11; *McLaughlin* v. *Janney*, 6 Gratt. 609.   The respondent Yost was also a party to the prosecution of this appeal.   He attempts to escape liability for contempt upon the ground that he did not succeed in the litigation in Ohio so as to in any wise injure the relator; that

the prosecution of that appeal and the subsequent suits had not reached such a stage as that the relator's interests were changed. The fact that he did not succeed in doing what must have been his plain purpose cannot make him any less guilty of a violation of this court's order.

The contention of the relator that the respondent Yost is in contempt by prosecuting a suit to recover fees cannot be sustained. The injunction order, neither in words nor effect inhibited him from prosecuting such a suit, nor will the fact that a large part of the claim set up against the relator is for fees and expenses in connection with the litigation growing out of this real estate make the case different. This Court, in its opinion in the case of Woodcock against Barrick and Yost did not attempt to adjudicate all of the controversies that exist between the parties, but only the particular controversy raised by that record. The opinion in that case goes no further in effect than to deny the respondents' right to claim any fees under and because of the contracts they had with Woodcock for fees. What services they may have performed for Woodcock in other matters, or in this matter in other ways than that indicated in the former record, the court did not know, and could not know, and of course made no finding in regard thereto. If the respondents, or either of them, can convince any other court or a jury that they performed services for the relator in good faith and independent of any contract set up in the other suit, then they may be entitled to recover from the relator such amount as such services were worth to him.

We are clearly of the opinion that both of the respondents are guilty of contempt of this Court by reason of their actions in violation of its order as above pointed out, and for this contempt we adjudge that they each pay a fine of one hundred dollars, and that the costs of this rule be borne by them in equal proportions.

*Respondents adjudged guilty of contempt.*