STATE *ex rel.* THE O. HOMMEL COMPANY, INC. *v.* PAUL J. FINK *et al.*

(No. 7083-A)

Submitted December 1, 1931.   Decided December 8, 1931.

*Weil, Christy & Weil, McCamic & Clarke* and *Jay T. McCamic,* for petitioner.

*Handlan, Garden & Mathews,* for respondents.

LIVELY, JUDGE:

This proceeding for contempt arises out of alleged violations of the appeal and supersedeas granted by this Court to The O. Hommel Company, Inc., v. Paul J. Fink et al., now pending herein.

The O. Hommel Company, Inc. filed its bill in the circuit court of Ohio county to restrain Fink and others from violation of certain contracts entered into between plaintiff and defendants, alleging irreparable injury. An injunction was granted plaintiff on May 5, 1931, in accordance with the prayer of the bill. On July 3, 1931, the injunction was dissolved upon a hearing, but the bill was not dismissed. The court refused to grant plaintiff a stay pending its expressed intention to appeal. On July 10, 1931, an appeal was granted plaintiff by a judge of this Court in vacation, and notice thereof served on defendants. Later, on July 21, 1931, at a special session of this Court, plaintiff moved for a supersedeas, resisted by brief from defendants, and the supersedeas was awarded conditioned upon the execution of a bond in the penal sum of $5,000, which bond was executed and approved on July 28, 1931, and notice of the supersedeas was promptly served on defendants. Later, defendants admittedly violated the express terms of the injunction, upon advice of counsel that the supersedeas did not reinstate the injunction. There is no dispute of fact. The legal question is whether the supersedeas made effective on July 28, 1931, by the execution, approval and filing of the supersedeas bond reinstated the injunction, which had been dissolved by order of July 3, 1931, and to which order the appeal and supersedeas was granted.

Was the injunction in effect at the time of the conceded acts; and, if so, were defendants in contempt of this Court?

The appeal and supersedeas is to the order of July 3rd, dissolving the injunction and makes that order ineffective until held otherwise on the appeal. The appeal and super-

sedeas automatically reinstated the injunction. That conclusion was reached in *State ex rel. Mason v. Bridge Co.*, 16 W. Va. 864, and affirmed in *State ex rel. Woodcock v. Barrick and Yost*, 80 W. Va. 63, wherein it was held: "An injunction which has been dissolved by a circuit court is restored to full force and effect by the granting and making effective of an appeal and supersedeas to the decree dissolving the same." And "in such case, if a party to such suit violate the provisions of the order of injunction after such appeal and supersedeas, has been awarded and made effective, he is guilty of contempt of the court awarding the appeal and supersedeas." The same principle of law is found in *State ex rel. Bettman v. Harness*, 42 W. Va. 414, where the opinion by Brannon says: "An appeal and supersedeas to a decree or order dissolving an injunction keeps it in force pending the appeal, and acts prohibited by the injunction constitute contempt, as when once the injunction ceases by reason of its dissolution is gone, a mere appeal does not restore it, unless some order or process staying or superceding the act of dissolution keeps the injunction alive. An appeal with supersedeas does this." We are bound by and in accord with these decisions. Respondents say these cases are to be distinguished from the instant one, because the circuit court refused to stay the effect of the order of dissolution pending an application for appeal, whereas, in the cases above cited a stay was granted. That situation cannot affect the proposition that an appeal and supersedeas made effective by giving bond automatically restores the injunction to full effect. A stay would prevent defendants from violating the injunction, pending the stay, whereas, a refusal to stay would permit them to perform acts prohibited until the injunction was brought into vigor by the perfecting of appeal and supersedeas. No useful purpose would result in an appeal from and supersedeas to an order dissolving an injunction in a pure injunction suit, if, pending the appeal, the defendants were permitted to do the acts sought to be prohibited. The very purpose of the suit might be defeated, if the *statu quo* was not preserved. Defendants argue that because the order and notice of supersedeas did not in terms reinstate the injunction, the injunc-

tion was not brought to life by the appellate process, and it was not the intention of this Court to reinstate. The perfecting of the supersedeas by giving bond required does so under well settled law. The bond required of appellant by this Court contains (as required by the statute, Code 1931, 58-5-14, in an appeal from an order or decree dissolving an injunction) a condition to "indemnify and save harmless the sureties in the injunction bond given in the above named cause against loss or damage in consequence of their surety-ship." What would be the purpose of the statute unless the injunction was in effect pending the appeal? The statute recognizes the principle propounded in the cases above cited, namely, that the injunction is in force by virtue of the appeal and supersedeas, and therefore the surety on the injunction bond should be saved harmless pending the appeal. An inspection of this bond would advise defendants of the existence of the injunction. It would be better practice, perhaps, for the order granting appeal, or the notice thereof to the litigant, to contain specifically what the law says shall be; the litigant could not then be in doubt. Because the supersedeas served on defendants did not command them to refrain from doing the acts prohibited by the injunction, and because counsel requested further time, when the supersedeas was applied for and under consideration, more fully to brief their opposition to the granting of the same, counsel were of the opinion, buttressed by the fact that the circuit court had refused a stay, that the appellate court had not intended, by granting the supersedeas, to continue the injunction; and so advised defendants who had inquired of them whether they could continue the acts prohibited. Defendants cannot rely upon advice of counsel to purge themselves of contempt. *State ex rel. Mason* v. *Harpers Ferry Bridge Co.*, 16 W. Va. 864. Under the circumstances here, recognizing the high professional standing and integrity of defendants' counsel, such advice will be considered as a palliation of the contempt, and a fine only will be imposed. Defendants according to their counsel ceased to continue acts prohibited by the injunction after their right to do so has

been questioned; and this may be considered in palliation. We do not consider the contempt wilful or reckless; and we therefore adjudge that defendants pay a fine of $100, and the costs of this proceeding.

*Respondents adjudged in contempt.*