## CHARLESTON.

THE PURE OIL COMPANY, *a Corporation, and* THE KANAWHA VALLEY BANK, *a Corporation, et al., v.*
W. H. O'BRIEN, *Judge, et al.*

(No. 6371)

Submitted September 5, 1928. Decided September 11, 1928.

*Koontz, Hurlbutt & Revercomb* and *Brown, Jackson & Knight,* for relators.

*Poffenbarger & Poffenbarger* and *B. H Blagg,* for respondents.

MAXWELL, JUDGE:

By decree of May 22, 1928, in the chancery cause of J. S. Spencer and others against Ohio River Salt Company, a corporation, and others, the circuit court of Mason county modified an injunction order theretofore entered, so as to permit actions at law to be prosecuted against J. S. Spencer and others, endorsers for Ohio River Salt Company, a corporation, on certain commercial paper. An appeal from and supersedeas to said decree was awarded by one of the Judges of this Court June 16, 1928, and the said proceeding is now pending in this Court. The appeal so awarded was perfected by execution of a supersedeas bond, and the return of process issued thereon. Following the awarding of the appeal and supersedeas the plaintiffs filed an amended bill in said cause in said circuit court and obtained another injunction inhibiting the prosecution of actions at law against said endorsers. The amended bill brings in some additional creditors of the salt company and its endorsers but is otherwise practically the same as the original bill.

The sole question now before the court for determination is as to the jurisdictional right of a circuit court to enter an additional order of injunction covering substantially the same parties and the identical subject matter involved in a pending appeal from a former decree entered by the same court in the same cause.

In his answer to the rule herein the circuit judge says that the second injunction ''was awarded to preserve the status quo and rights of the parties, pending determination of said appeal and with intent to dissolve the same, in event of affirmance of said decree of May 22, 1928.'' The status quo did not need to be thus preserved, because the supersedeas effectually accomplished that purpose. *State* v. *Harness,* 42 W. Va. 414; *State ex rel. Woodcock* v. *Barrick and Yost,* 80 W. Va. 63.

It is true that pending appeal of a cause the court of original jurisdiction retains certain authority therein, as for example to do that which may be necessary to preserve the subject matter; but this does not go to the extent of clothing such court with authority to enter such further decrees or orders as directly and necessarily affect the questions involved on the appeal.

"When an appeal is perfected, the jurisdiction of the appellate court over the subject matter and the parties attaches, and the trial court has no power to render any further decision affecting the parties in the cause until remanded. *Dunbar* v. *Dunbar,* 5 W. Va. 567; *McLaughlin* v. *Janney,* 6 Gratt. 609; 2 Enc. Pl. & Prac. 327." *State* v. *Harness, supra.* In *Cralle* v. *Cralle,* 81 Va. 773, 775, it is said: "Although, perhaps, an appeal in a chancery cause does not here, any more than in England, stop the proceedings under the decree from which the appeal is taken, yet there can be no manner of doubt that the effect of an appeal, when fully perfected by the execution of the proper supersedeas bond, is to deprive the subordinate court of all power over the parties and the subject matter of controversy, until the cause is remanded back for further action; and the only orders, therefore, which the court can rightfully make are such as are needful for the preservation of the *res* and rights of the parties pending the appeal. *Slaughter House Cases,* 10 Wall. 273; *Littlejohn* v. *Ferguson,* 18 Gratt. 53; *Moran* v. *Johnston,* 26 Gratt. 108." "Where an appeal with a supersedeas, or stay, has been taken, the jurisdiction of the trial court is suspended as to all matters necessarily involved in the appeal. Accordingly, pending an appeal, the lower court, as a rule, has no power to allow amendments of the proceedings." 2 R. C. L. 120. "When an appeal with a stay has been taken to this court and the return has been made and filed in this court, the jurisdiction of this court attaches, and that of the district court is suspended as to all matters necessarily involved in the appeal." *Bock et al.* v. *Sauk Center Grocery Company, et al.,* 100 Minn. 71, 10 Ann. Cas. 802.

It is urged here that because the decree modifying the original injunction was interlocutory the principles above

stated are not applicable, and therefore the respondent was within his jurisdictional rights in awarding the second injunction. It may be conceded that pending an appeal from a decree dissolving, refusing to dissolve or modifying an injunction a court of chancery may conduct such further and proper proceedings affecting the parties and subject matter as are not directly involved on the appeal. "Interlocutory appeals deprive the trial court of jurisdiction over all questions connected therewith, but the general cause and its record remain below." 2 Enc. Pl. & Prac. 332. Also, 3 C. J. 1260, sec. 1371; 2 Stand. Enc. Proc. 330; *Fowler* v. *Lewis,* 36 W. Va. 112; *Maxwell* v. *Maxwell,* 67 W. Va. 119; *Beard* v. *Arbuckle,* 19 W. Va. 145; *Hutton* v. *Lockridge,* 27 W. Va. 428. In matters of contempt for violation of an injunction the circuit court awarding the injunction, and not the supreme court, has jurisdiction. *State ex rel. Bettman, et al.* v. *Harness, et al.,* 42 W. Va. 414. Equity procedure does not, however, recognize such jurisdictional right in a chancellor as to matters necessarily presented for decision on the appeal. In such situation there can be no practical or substantial distinction between an interlocutory and a final decree.

Being of opinion that the judge of the circuit court was without jurisdiction to award the second injunction while the matters arising on the modification of the first injunction were pending in this Court on appeal, the peremptory writ of prohibition as prayed for is awarded.

*Writ awarded.*