SMITH v. KIMBALL, District Judge, et al.

No. 4767.   Decided July 3, 1930.   (289 P. 588).

*Woolley & Holther*, of Ogden, for plaintiff.

*Pratt & Pratt*, of Ogden, for defendants.

STRAUP, J.

Conway Morris et al. brought an action in the district court against Hyrum Smith to quiet title in and to the use of waters of certain springs in Morgan county. The case was one in equity, and was tried to the court before Hon. James N. Kimball, district judge. The court made findings, and rendered a judgment in favor of the plaintiffs quieting the title to the use of the waters in the plaintiffs and restraining the defendant Smith during specified periods from interfering with the plaintiffs' decreed rights and with the flow of the waters awarded them. From the judgment so rendered and entered, Smith prosecuted an appeal to this court on questions of both law and fact. He gave an undertaking on appeal or a supersedeas in the sum of $2,500, as fixed by the court, staying all proceedings in the case, until the final determination of it in this court. The supersedeas, among other things, was conditioned that, if the judgment was affirmed, Smith would pay all damages and costs awarded against him on the appeal, and pay all damages which the plaintiffs, pending the appeal, might sustain by Smith not obeying the judgment or decree appealed from. Neither the form nor the sufficiency of the supersedeas to operate as a full and complete stay is questioned.

After the appeal was perfected, the supersedeas given, the record transmitted to this court, and while the case was here

pending undetermined, Smith, on application and affidavits of the plaintiffs, was cited before the district judge, and was adjudged guilty of contempt for disobeying the judgment and interfering with the use of the waters decreed the plaintiffs, and was adjudged to pay a fine of $100, and in default of the payment thereof was ordered imprisoned in the county jail. Smith thereupon applied to this court, and was granted an alternative writ of prohibition restraining the district court in the meantime from the threatened enforcement of the contempt judgment, and directing the district court to show cause why the restraint should not continue. In response thereto, the plaintiffs, Conway Morris, et al, for and on behalf of the district court and in defense of the proceedings which resulted in the contempt judgment, appeared in the cause, and moved to quash the alternative writ and to dismiss the prohibition proceedings, on the ground that the district court, notwithstanding the appeal and the supersedeas, had jurisdiction to compel a compliance with the judgment appealed from and to inquire into any disobedience or violation thereof, and that Smith had an adequate remedy at law by appeal from the contempt judgment and by superseding it.

The judgment in the main action, from which the appeal was taken and which was superseded, was, in legal effect by the appeal and supersedeas, vacated and rendered inoperative, the authority of the court below terminated and prevented from further proceeding with respect to [1, 2] any matter involved in the subject-matter of the appeal, or to take any action which amounted to an execution or enforcement of the judgment, or which affected the subject-matter of the appeal, and the case left with all its incidents precisely as it stood before the rendition of the judgment in the court below and became one of cognizance in this court on a trial de novo on the record; and, though the judgment in the district court was final judgment for purposes of the appeal, yet, because of the appeal and

the supersedeas, was not a final determination of the rights of the parties in and to the subject-matter of the litigation, until a determination by this court. Comp. Laws Utah 1917, § 7220; 3 C. J. 1255, 1263, 1319; 2 Cal. Jur. 412, 422; *State ex rel. Kay* v. *Draney,* 57 Utah 14, 176 P. 767; *Mark* v. *Superior Court,* 129 Cal. 1, 61 P. 436; *Gillmore* v. *Am. C. I. Co.,* 65 Cal. 63, 2 P. 882; *Watkins* v. *Dunbar,* 318 Ill. 174, 149 N. E. 14; *Midland Terminal Ry. Co.* v. *Warinner* (C. C. A.) 294 F. 185; *Snelling* v. *Parker,* 8 Ga. 121; *Smith* v. *Holmes,* 59 Tenn. (12 Heisk.) 466.

We are thus of the opinion that the district court exceeded its jurisdiction when, pending the appeal, it by contempt proceedings or otherwise undertook to enforce the judgment or to compel obedience to it. Our statute (Comp. Laws of Utah 1917, §§ 7407 and 7408), expressly provides that the writ of prohibition is to arrest proceedings of a tribunal, etc., when such proceedings are without or in excess of the jurisdiction of such tribunal, etc., and may be issued by this court to an inferior tribunal, etc., in all cases "where there is no plain, speedy or adequate remedy in the ordinary course of law." When the court below adjudged Smith guilty of contempt for disobeying or violating the judgment appealed from, what plain, speedy, or adequate remedy in the ordinary course of law was available to him? It is urged he had a remedy by appealing from and superseding or staying the contempt judgment. He, in effect, did that once by appealing from and superseding or staying the judgment in the main action upon which the contempt judgment was based; and by pursuing such suggested course in no way afforded him any protection against further contempts, if he thereafter failed to comply with or obey or interfered with the original judgment appealed from and superseded by him. Requiring him, pending the appeal, to comply with and obey the judgment notwithstanding his supersedeas, yield to the plaintiffs all the rights and privileges in and to the use of the waters awarded them and taken

from him by the judgment and yield to the unauthorized action of the district court, constitutes a denial of all efficacy of his supersedeas of the original judgment and a deprivation of the use and function of a supersedeas, and subjects him to prosecutions for contempt every time he fails to comply with or obey the judgment, or in any particular interferes with plaintiffs' use of the waters awarded them, which involves him in a multiplicity of contempt actions or proceedings requiring as many appeals. We think such an abuse of excessive and unauthorized power should be arrested by prohibition, and that successive appeals from contempt proceedings would not afford an adequate remedy to prevent or stop, but only aggravate the exercise of such power. When it thus is made to appear that a court disregards a perfected appeal from a judgment rendered in his court and a supersedeas given as fixed by himself staying further proceedings and from enforcing the judgment pending the appeal, we think prohibition is not only an appropriate, but about the only adequate, remedy to arrest unauthorized action to enforce the judgment pending the appeal and to protect an appellant against consequences of such action and to secure to him the benefit of a good and sufficient supersedeas. *Mark* v. *Superior Court*, 129 Cal. 1, 61 P. 436; 32 Cyc. 608; 3 C. J. 1328.

Further, we also several times have held that, though a petitioner for a writ of prohibition has a remedy by appeal, yet, if such remedy is not adequate or speedy in granting the demanded relief, prohibition may be resorted to. *Parker* v. *Morgan, Dist. Judge*, 48 Utah 408, 160 P. 764; *Burke* v. *Knox, Dist. Judge*, 59 Utah 596, 206 P. 711.

Though the judgment of contempt had been rendered when the application for the writ of prohibition was made, nevertheless the writ is available to arrest further threatened and unauthorized action or proceedings in connection therewith. *Oldroyd* v. *McCrea, Dist.*

*Judge,* 65 Utah 142, 235 P. 580, 40 A. L. R. 230; High, Extraordinary Legal Remedies (3d Ed.) § 766; *Merritt* v. *Superior Court,* 93 Cal. App. 177, 269 P. 547.

We therefore think the alternative writ heretofore granted should be made permanent until the final determination of the original cause in this court. No costs are awarded against the district judge, but costs are awarded against Conway Morris et al., the plaintiffs in the main action, and who instituted the contempt proceedings in the court below, and who there and here urged and defended them.

ELIAS HANSEN and EPHRAIM HANSON, concur.

CHERRY, C. J., and FOLLAND, J.

We dissent. The plaintiff has a remedy by appeal. *Bankers' Trust Co.* v. *District Court,* 62 Utah 432, 220 P. 708, and cases cited.