ALTON LEROY KING v. WILLIAM E. LANK.

(*August* 20, 1948.)

CAREY, J., sitting.

*Robert W. Tunnell* (of the firm of Tunnell and Tunnell) for plaintiff.

*Howard W. Bramhall* for defendant.

Superior Court for Sussex County, Civil Action No. 60, 1948.

CAREY, J.:

■ The penalty which was imposed upon the plaintiff by the defendant did not exceed the maximum prescribed by section 5680, Revised Code of Delaware 1935, as amended by 43 Laws of Delaware, c. 257, p. 1081, and the offense charged is within the jurisdiction of a Justice of the Peace by virtue of section 5683 Revised Code 1935.

■ The parties agree that a judicial officer acting in a judicial capacity within the scope of his jurisdiction can not be held personally liable in a civil proceeding therefor; but that if he acts wholly without even a color of jurisdiction, he may be sued personally in an action of this nature. This statement is fully justified not only by the Delaware case of *Bailey v. Wiggins*, 5 *Harr*. 462, 60 *Am. Dec.* 650; *Id.*, and 1 *Houst.* 299, but by practically every authority which has been brought to my attention. See annotations in 13 *A.L.R.* 1345 and 173 *A.L.R.* 802. Precisely what may be his personal liability when he merely exceeds the jurisdiction conferred upon him need not be decided in the present matter, under my view of the case, nor is it necessary to determine whether any difference exists in the personal responsibility of a Judge having general jurisdiction and of one having limited jurisdiction. The rule laid down in Bailey v. Wiggins, *supra*, seems to

be unaffected by the presence or absence of malice or ill-will; in any event, the complaint before me makes no charge of malice.

The plaintiff argues that the appeal to the Court of General Sessions deprived the defendant of all further power over the *subject matter* of the case; that his jurisdiction ceased upon the filing of the appeal; that he accordingly had no jurisdiction to hear and determine the second charge, which therefore constituted double jeopardy. This argument, in my opinion, is fallacious. It is not correct to say that he lost jurisdiction of the *subject matter* by the filing of the appeal. The truth is that he lost further jurisdiction of the *cause* or *action* in which the appeal had been taken. The term "subject matter" has been sometimes loosely and inaccurately used as meaning "cause" or "action". That it is so used in 4 *C.J.S., Appeal and Error,* § 607, page 1091 appears from an examination of the cases therein cited. The true rule, as expressed in the majority of authorities, is that a duly perfected appeal divests the trial Court of further jurisdiction of the *cause* in which the appeal has been taken, the jurisdiction of that action being transferred to the appellate court. 3 *Am. Jur.* 192; 4 *C.J.S., Appeal and Error,* § 606, page 1089; *France v. Superior Court of California,* 201 *Cal.* 122, 255 *P.* 815, 52 *A.L.R.* 869. All of the cases cited by the plaintiff on this point were instances wherein the lower court attempted to exercise further jurisdiction over the same cause or action in which an appeal had been taken. These cases are *Lea County State Bank v. McCaskey Register Co.,* 39 *N.M.* 454, 49 *P.* 2d 577; *Thursby v. Stewart,* 103 *Fla.* 990, 138 *So.* 742; *Woolaston v. Mendenhall,* 1 *Del. Ch.* 23; *Lacey v. Hendricks,* 164 *Ala.* 280, 51 *So.* 157, 137 *Am. St. Rep.* 34. Such a situation differs completely from the present one.

From the allegations in the record, it is clear that the

warrant issued on January 27th was the start of a new action entirely, although it was for the same offense as the earlier action. However, it was that first suit which had been taken beyond the defendant's jurisdiction by the appeal, and his *jurisdiction* of the second suit was not thereby destroyed. This was the ruling in *Malone v. Carey,* 17 *Cal. App. 2d* 505, 62 *P. 2d* 166, where the factual situation was strikingly similar to that of the instant case.

Even assuming that the procedure followed by the defendant had the effect of placing King in double jeopardy (cf. 1 Wharton's Criminal Law, 12th Ed., 565), nevertheless he had jurisdiction of the subject matter and the person in the second case. His method of proceeding certainly does not commend itself as an ideal example of proper judicial conduct; but, under the authority of the Bailey case, supra, he is not responsible to the plaintiff in this suit under the facts shown by the record.

The motion of the plaintiff for summary judgment must be denied.