256 P.2d 784

**WILLIAMSON v. SMITH et al.**

No. 7875.

Supreme Court of Idaho.

May 5, 1953.

Bistline & Bistline, Pocatello, for appellants.

Alvin Denman and Reginald R. Reeves, Idaho Falls, for respondent.

month beginning with June, 1948, with interest at six percent and vendees to pay the taxes. Time was of the essence thereof, and upon the default of purchasers any amount paid was to be retained by the vendors as rental for said premises.

Payments were made more or less promptly between the 14th and 20th of the respective months; the 1949 November payment was not made until November 29 and the September 1950 payment, September 30. The 1949 taxes were not paid by the vendees and after some eleven months were paid by the vendors.

Appellants lived in the house during 1948 and 1949 and until May 12, 1950, when the property was rented by the vendees to various tenants, and Mr. Matthews of Soda Springs, a real estate dealer, looked after the property for the Smiths and was to apply the rent on the contract payments. Some of the rents not being paid, the October 16, 1950 payment became delinquent, of which fact the Smiths were not notified until around November first. November 20, 1950, this notice was sent to the Smiths by the vendors' then attorney:

"Please Take Notice that you are in default in your contract to purchase real estate under contract dated the 16th day of December, 1947, by failing to make payment of taxes for the year 1949, and failing to make payments due under the contract. You are notified that unless all defaults are taken care of within ten (10) days, the seller La-

GIVENS, Justice (on rehearing).

December 16, 1947, respondent Williamson and her husband, by written agreement, sold to appellants Leatus J. Smith and his wife, Mabel C. Smith, a portion of Lot 5 of Block 44 of the City of Soda Springs, Idaho, for $3,650, payable $100 down and $83.38 on the 16th day of each subsequent

vone S. Williamson will re-enter and take possession of said premises."

No response being made by the vendees, further notice was given them December 16, 1950, as follows:

"You are hereby notified, that because of your failure to pay the 1949 taxes, and your failure to pay the October and November payments, as provided in your contract of December 16, 1947, for the sale of the property hereinafter described, you have forfeited all interest in said contract, and all interest in the property therein described.

\*    \*    \*    \*    \*    \*

"(Description of property)

"Dated at Idaho Falls, Idaho, this December 16, 1950."

Nothing was done by the Smiths and no tender made or request for further extension of time.

March 6, 1951, respondent sued to quiet title. Appearance was made on behalf of the Smiths by their receiver in bankruptcy and the defense carried on by the receiver as intervenor. During the course of the trial, the receiver by stipulation—

"\* \* \* makes offer and will deliver the total amount of the contract, and ready and willing to pay the same and when it is determined, that is depending on the decision of the Court whether he is entitled as such Trustee to redeem the property taking into consideration the amount to be determined as due; that there shall be charged against the property the expenses which have been testified to here and which I believe are in evidence, namely, $646.17, and that Mrs. Williamson has collected $763.60, and that the expenses that may be charged against this account, against the amount received, and that in addition to that during the Noon hour here two checks in the amount of $42.28 and $19.22, respectively, were endorsed by Mr. and Mrs. Smith and are to be turned over to Mrs. Williamson. I believe that \* \* \*"

Also included in the offer apparently was $100 for attorney's fees for respondent's attorney. The offer was further modified in particulars not material herein.

Upon the final submission, the Court made findings, conclusion, and entered a decree in favor of respondent, quieting her title.

The appeal attacks the decree on two main points: that the ten-days notice of November 20 was too short and a further or extended period of grace should have been allowed by the trial court; and second, that the improvements placed upon the property by the vendees and the increased value of the property made it inequitable and abhorrent to declare a forfeiture.

■ This Court has thus declared the rule:

" 'Where a contract for sale of real estate makes time of the essence, and

provides for a forfeiture of the vendee's rights for failure on his part to make payments at certain times, a continued course of conduct on the part of the vendor in failing to declare a forfeiture, thereby leading the vendee to believe that the vendor waives a strict compliance with the terms of the contract, works a waiver of the vendor's right to declare a forfeiture, unless and until he gives the vendee reasonable notice of his intention to do so, and a reasonable opportunity to make the delinquent payments.'" Stringer v. Swanstrum, 66 Idaho 752, at page 760, 168 P.2d 826, at page 829.

Though the first notice of forfeiture specified ten days, no action was taken within ten days, and the second notice of December 16 was 26 days after the first was served, and at no time did appellants ask for or seek additional time or indicate a desire to pay up the arrears.

Mrs. Smith was the only witness on behalf of defendants with regard to this feature and she testified their inability to make payments was because of sickness and the garnishment of her husband's wages and the insufficiency of the rents at the last to make the payments. No effort of any kind was made by the Smiths or the intervenor-receiver to pay until after the suit was filed March 16, 1951, and then a conditional offer was made at the trial of the case October 24, 1951, eleven months after the first notice was given.

■ Conceding (but not deciding) vendor's allowance of the non-payment of taxes to go by for almost a year and the non-payment of the October rent to pass until the 20th of November necessitated notice of delinquency, and giving a reasonable time within which to pay and thus avoid a forfeiture, the actual time between the notice given and the final declaration of forfeiture thereunder was from November 20 to December 16. Appellants contend there should have been a thirty-days notice. The actual time was within four days thereof. Since no effort or any attempt was made to comply with the contract and no contention is made that it was the shortness of time which prevented compliance, we cannot say the trial court abused his discretion in not finding and concluding the time specified was unreasonably short. Atchison Savings Bank v. Richards, 131 Kan. 81, 289 P. 975; Grider v. Turnbow, 162 Or. 622, 94 P.2d 285.

At the time respondent repossessed the property, it is evidently conceded there was a balance due of $1,201.64 on the principal; thus, appellants had paid $2,448.36.

The Smiths made improvements on the property, evidently prior to October 1950, without specific evidence as to the cost or direct value thereof.

Mr. Matthews, a witness for appellants, testified the market value of the property December 16, 1950, was $7,500. Respondent testified she did not believe it was worth over $4,500. The court fixed the

market value at $4,500. The difference between the contract price of $3,650 and market value as found, might indicate the value of the improvements was $850.

After the Smiths ceased living in the house, May 1950, rent of $495 was received to September 1950, or an average of $99 per month. Respondent, after respossession January 1951, to October 1951, received $763.60 in rent, or an average of $76.36 per month. There was no direct showing what the rental value was during the time the Smiths lived in the house from December 1947 to May 1950.

Respondent paid $646.17 in protecting and recovering the property.

The written contract provided time was of the essence thereof and that upon appellants' failure to perform, all payments made should be retained by respondent as rent.

Appellants contend that only $1,201.64 being due on the balance of the purchase price, as against a value of $4,500 as found by the court, or the value of $7,500 as asserted by appellants, and payment of $2,448.36 on the principal, make it inequitable to declare a forfeiture and they rely particularly on the following Utah cases: Perkins v. Spencer, Utah, 243 P.2d 446, where forfeiture in a contract for the sale of realty for $10,500 for delinquence of $2,500 was held unreasonable; Croft v. Jensen, 86 Utah 13, 40 P.2d 198, a forfeiture for default of $200 on a total obliga-

tion of $6,500 was held unreasonable; and Malmberg v. Baugh, 62 Utah 331, 218 P. 975, forfeiture of a little over half was held unreasonable.

The situation herein is closely analogous to that considered in Donaldson v. Josephson, 71 Idaho 207, at pages 210–211, 228 P.2d 941, 943, though that case involved the relationship of landlord and tenant. However, the principle appears to be the same and there we said:

"While the reasonable value of the occupation of the farm lands and buildings during the winter months is problematical, the $5 per day provision for holding over does not appear inherently excessive or out of all proportion to such reasonable value. [Herein the amount paid was retained as rent.] There is no proof in the record whatever as to the reasonable value of the use of the premises during the time in question [so herein] except the value placed thereon by the parties themselves at the time of entering into the lease. We conclude that the provision for the payment of $5.00 per day for holding over after the expiration of the lease was a provision for liquidated damages and enforceable as such."

The above case thus considered the amount paid for use and occupation, i. e., rental, was not excessive as liquidated damages.

■ The contract herein, specifying the payments were to be retained as rent, jus-

tified the court in balancing the payments as against the rental value, McMahon v. Cooper, 70 Idaho 139, at page 147, 212 P. 2d 657, as well as the amount forfeited against the value of the property, improvements made by appellants and amounts expended by respondent in repossessing the property, etc. Perkins v. Spencer, Utah, 243 P.2d 446, supra, cited by appellants, thus states and elucidates what may be considered:

"Illustrative of this is the case of Cooley v. Call, 61 Utah 203, 211 P. 977, relied on by the defendants. Plaintiff sellers sued defendant purchasers who were in default under a real estate contract. Defendants had paid in $1850 as an initial payment and some interest and taxes, making a total of about $2100. No monthly payments were provided for but certain lump sum payments were to be paid to complete the contract in two years so there was no immediate return to the sellers to take care of the current rental value. None of the sums were ever paid and the entire two years expired before the action was brought. The court figured the amount paid in mathematically, concluded that it equalled about 10% per annum on the purchase price and accordingly held that the amount

was not so excessive as to be unconscionable and therefore did not represent a penalty upon the defendant.

"The same is true of Christy v. Guild, 101 Utah 313, 121 P.2d 401. There, the defendants had made no down payment. While they had paid in approximately one-third of the purchase price, they had paid only $20 to $30 each month over the period, plus making improvements on the premises totalling $2,000. But the property had a monthly income to them of $75, which exceeded the total of the payments they had made plus their improvements. After reviewing those facts, it was held that the forfeiture provision was not a penalty under the rule above stated." 243 P.2d at page 450.

The facts and circumstances disclosed in this record do not constrain us to hold the trial court erred in declaring a forfeiture, or that the amount so forfeited is so disproportionate or unreasonable as to demand a reversal. The decree, therefore, is *affirmed*.

Costs to respondent.

PORTER, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.