295 P.2d 1086

**The STATE of Arizona, Appellant,**

v.

**C. A. McCARRELL, a single man, Spencer Balcomb and Donna Balcomb, his wife, Appellees.**

**No. 6072.**

Supreme Court of Arizona.

April 17, 1956.

See also 80 Ariz. 243, 295 P.2d 1088.

Robert Morrison, Atty. Gen., Gordon Aldrich, Asst. Atty. Gen., for appellant.

Earl Platt, St. Johns, for appellees.

PHELPS, Justice.

This is an appeal from an order of the superior court of Apache County denying defendant's motion to set aside a default judgment against the defendant, state of Arizona.

■ Plaintiffs brought an action under chapter 27, article 14, A.C.A.1939 (sections 12–1101 to 12–1104, A.R.S.1956) to quiet title to certain real property situated in Apache County. The property involved was at all times herein mentioned, occupied by the Arizona Highway Department. Summons was served on the attorney general on behalf of the state. No summons or copy of the complaint was served upon any other person, officer or agency of the state.

The default of the state of Arizona was entered May 7, 1954. Judgment in favor of plaintiffs and against the defendant, "or any of its departments of state", was entered June 7, 1954. On February 28, 1955, defendant moved to set aside the default judgment upon the ground that "defendant was not actually notified of said action." The motion was subsequently denied by a final order of the superior court.

The only assignment of error is that the court lacked jurisdiction to enter a default judgment against the state for the reason that Rule 4(1), section 21–305(4) A.C.A. 1939, now rule 4(d), par. 9, provides that service shall be made upon the state or a municipal corporation or other governmental organization thereof subject to suit "by delivering a copy of the summons and of the complaint to the chief executive officer or the secretary, clerk or recording officer thereof." Defendant's contention is that since service was made upon the attorney

general only, the court did not acquire jurisdiction of the defendant state of Arizona.

Section 27-1401, A.C.A.1939, (now section 12-1101, A.R.S.1956) reads as follows:

"*By and against whom may be brought—The state a party.*—An action to determine and quiet the title to real property may be brought by anyone having, or claiming, an interest therein, whether in or out of possession of the same, against any person, or the state of Arizona, when such person or the state claims any estate or interest, adverse to the party bringing the action, in the real property, the title to which is to be determined or quieted by the action. When the state is made defendant a copy of the summons and complaint shall be served upon the attorney-general."

The above is a special statute relating solely to an action to quiet title to real property and is largely substantive in character. It gives a right to an individual to bring an action against the state for the purpose of quieting title to real property in which he has, or claims, an interest. The last sentence in the statute expressly provides that when the state is made a defendant, service shall be had upon the attorney general by furnishing him a copy of the summons and complaint. Section 21-305(4), supra, is court rule 4(1) Civ.Proc., now Rule 4(d), providing the manner of service of summons and complaint in all cases and is strictly procedural in character. Insofar as here material, it reads as follows:

"*Summons—Personal Service.*—The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

\* \* \* \* \* \*

"(4). Upon the state or a municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer or the secretary, clerk or recording officer thereof."

It is contended by the state that since Rule 4(1), section 21-305(4), supra, was adopted subsequent to section 27-1401, supra, it either impliedly repeals the procedural features of section 27-1401, supra, or should be allowed to operate with equal force with it, which would require service upon both the attorney general and the governor.

The problem before this court is basically the same as that posed in the case of Arizona Corporation Commission v. Catalina Foothills Estates, 78 Ariz. 245, 278 P.2d 427, viz., is a statute pertaining to a special procedure impliedly repealed by the subsequent adoption of a general rule of civil procedure? In that case we had before us for the first time the question of whether a special statute which had become a rule of court under the provisions of section 19-

 

204, A.C.A.1939, was impliedly repealed by this court's subsequent adoption of a general rule of civil procedure. The court there applied the rules of statutory construction to the construction of our rules and held that a general rule of civil procedure did not repeal by implication a special procedure which had become a rule of court.

The last three lines of section 27–1401, supra, are purely procedural and as such under the provisions of section 19–204, supra [A.R.S. § 12–111], constitute a rule of court respecting service of process in actions to quiet title where the state is a party defendant and the rule is special in character. Therefore the later adoption by this court of Rule 4(1) relating to service of process generally, did not have the effect of repealing by implication the special rule relating to service of process in actions to quiet title against the state. The fact that section 27–1401, supra, does not appear as a rule of court is because, with the exception of the last three lines thereof, the section is substantive law and therefore could not be treated as procedural in its entirety.

■ The superior court of Apache County had jurisdiction of the state by reason of the service of process upon the attorney general and consequently it had jurisdiction to enter default judgment against the state. The motion to set aside said default judgment was made under the provisions of Rule 60(b) Civ.Proc., section 21–1502, A.C.A.1939, now rule 60(c), authorizing the court to set aside such default through de-fendant's mistake, inadvertence, surprise or excusable neglect if made within six months from the date of entry of such judgment. In the instant case the motion was not made until over eight months after the entry of such judgment. The trial court was therefore without jurisdiction to enter any order thereon except to deny the motion.

The order denying such motion is affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.