398 P.2d 444

**Earl E. WALKER and Noma Walker, husband and wife, Plaintiffs-Appellants,**

**v.**

**Larry F. NUNNENKAMP and Verda S. Nunnenkamp, husband and wife, Defendants-Respondents.**

**No. 9371.**

Supreme Court of Idaho.

Jan. 13, 1965.

Rayborn, Rayborn & Rayborn, Twin Falls, for appellants.

Frank M. Rettig, Jerome, for respondents.

TAYLOR, Justice.

This is the second appeal in this cause. For statement of facts see Walker v. Nunnenkamp, 84 Idaho 485, 373 P.2d 559 (1962).

On the first appeal the cause was remanded to the district court for the purpose of having that court determine whether the enforcement of the forfeiture provision of the contract would constitute an unconscionable penalty such as to render the provision unenforceable under the rule stated in Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020 (1954).

The contract was for the sale by defendants (respondents) to plaintiffs (appellants) of a motel property in Ketchum and was executed December 26, 1958. The sale price was $48,350.00. Plaintiffs conveyed to defendants a farm property having an agreed value of $23,500.00, and paid $2,-500.00 in cash, leaving a balance of the purchase price of $22,350.00, which was to be discharged by monthly payments of $200.-00 each, applied first to interest at 6% and the remainder to principal. Plaintiffs went into possession of the motel property December 26, 1958, and retained possession until September 19, 1960. They made installment payments amounting to $964.00; $533.80 thereof was applied to principal and $430.20 to interest. The last payment was made April 28, 1959. Thereafter, plaintiffs brought this action for rescission of the contract. The first judgment entered was in favor of defendants upon their cross claim for foreclosure of the contract.

After receiving additional evidence and reviewing the evidence previously submitted, the trial court found that no penalty was involved and entered judgment in favor of the defendants. Plaintiffs, purchasers, brought this second appeal from that judgment. The court found the vendors' damages resulting from the breach of the contract were as follows:

| "Difference between contract price and market value, disregarding structural damage | $ 16,850.00 |
|---|---|
| Reasonable rental value from January 1, 1959, to Sept. 19, 1960 | 6,000.00 |
| Structural damage to building | 4,969.60 |
| Broker's commission | 2,168.50 |
| Cost of title insurance | 244.00 |
| Attorney's fees, closing contract | 28.00 |
| Escrow charges | 21.00 |
| Fire insurance premiums paid by vendors | 851.90 |
| 1959 taxes paid by vendors | 776.37 |
| 1960 taxes paid by vendors | 727.91 |
| Inventory items missing | 2,963.11 |
| Total | $ 35,600.39 |

The evidence sustains the trial court's finding that the market value of the property as of September 19, 1960, was $31,500.00, thus establishing a depreciation of $16,850.00 between the purchase price and the market value during the period of plaintiffs' possession. Normal deprecia-

tion was fixed at $1,850.00, and economic obsolescence at $15,000.00. Defendants' expert witness attributed the economic obsolescence to completion of another large and more modern motel less than a block away; the enlargement of another competitive motel; legislation precluding operation of the club-bar-cafe facility; business having been suspended; loss of business; loss of goodwill; and the building of many private winter homes in the Ketchum area. Plaintiffs' contention that some of these obsolescence factors were present at the time the contract was executed, is without avail, because to the extent that they did exist they would affect value at that time and tend to show that plaintiffs agreed to pay more for the property than it was actually worth. In the absence of fraud, mistake or wrongdoing on the part of the vendors, the court could not relieve the purchasers from a bad bargain, or make a new contract for the parties. Anderson v. Michel, 398 P.2d 228 (Idaho 1964); Cole v. Parker, 5 Utah 2d 263, 300 P.2d 623 (1956).

 As to rental value, plaintiffs contend they gave up possession of the motel September 15, 1959. However, the evidence shows that they exercised control over the property subsequent to that date and leased it, or a portion of it, to one Sorensen, and through such lessee retained possession until September 19, 1960. However, the court's finding of a rental value of $300.00 per month is not sustained by the evidence. In their appraisal of rental value defendants' witnesses included the dining, and club, or bar, facilities. This part of the motel property had not been operated for years prior to the sale and, while plaintiffs contemplated reopening and operating such facilities, they could not be expected to make the necessary improvements and do so immediately. It would take time to establish a profitable operation. Having regard to the run-down condition of the property and the competition which grew up both before and after the sale, the finding of a rental value in excess of $200.00 per month cannot be sustained. Also, the interest paid by the purchasers on the unpaid balance of the purchase price should have been deducted from the reasonable rental value found by the court. The interest was compensation to the vendors for the use of their equity in the property. Rental would also include compensation for the use of that same equity. Further, in a normal landlord-tenant relationship, the landlord pays the taxes and insurance on the property. Rental compensates the landlord for such items and in addition provides a return for the use of the property. Here the contract required the purchasers to pay the taxes and the insurance premiums. Their failure to do so, and the payment of these items by the vendors, made it necessary to include them in the loss or damage sustained by the vendors as a result of purchasers' breach of the contract. However, if such

items were not deducted from the reasonable rental value, then they would be counted twice in the reckoning of vendors' damages. Sorensen v. Larue, 47 Idaho 772, 278 P. 1016 (1929).

■ As to structural damage, the court found that plaintiffs placed an additional neon sign on top of one already on the roof of a portion of the motel, which, because of additional weight and pressure, damaged the roof causing it to leak, resulting in damage to the interior. Defendants' expert witness fixed the damage at $4,969.60. This estimate was based on an inspection of the premises almost two years after surrender of possession in September, 1960. However, there were other witnesses who testified to the damaged condition of the building in September, 1960, and in January and February of 1960. The finding was supported.

■ The items allowed for brokers' commission, cost of title insurance attorney fees and escrow charges, were paid out by the vendors as necessary expenses incurred in concluding the sale of the property. There was no contract obligation resting on the purchasers to reimburse the vendors for these items. However, such items may again be incurred by the defendants should they still desire to dispose of the property. In the meantime, by reason of plaintiffs' breach of the contract, the vendors have lost benefits they had hoped to obtain through performance of the contract. A

court of equity, therefore, may properly consider such expenses in determining whether or not the retention of payments made involves an unconscionable penalty.

■ The original contract of sale included inventory items of personal property, linens, towels, and other supplies necessary to the operation of the motel. Plaintiffs removed from the premises and retained an amount of such personal property which the court found to be of the value of $2,963.11. This was properly charged as a loss to the vendors.

After adjusting the rental value as herein indicated, the record sustains the following statement of the vendors' damages:

| "Difference between contract price and market value, disregarding structural damage | $ 16,850.00 |
|---|---|
| Reasonable rental value (less taxes, interest and insurance) from January 1, 1959, to September 19, 1960 | 1,340.16 |
| Structural damage to building | 4,969.60 |
| Broker's commission | 2,168.50 |
| Cost of title insurance | 244.00 |
| Attorney's fees, closing contract | 28.00 |
| Escrow charges | 21.00 |
| Fire insurance premiums paid | 851.90 |
| 1959 taxes | 776.37 |
| 1960 taxes | 727.91 |
| Inventory items missing | 2,963.11 |
| Total | $ 30,940.55 |

Excluding vendors' expenses in bringing about the sale, their damages would be $28,479.05.

■ Although proper in such cases, no allowance was made in this case for vendors' costs and expenses incurred in defending against purchasers' claim, or for prosecuting their counterclaim in this ac-

tion. See Williamson v. Smith, 74 Idaho 79, 256 P.2d 784 (1953); Melton v. Amar, 86 Idaho 262, 385 P.2d 406 (1963).

■ In any event, vendors' damages exceed the total payments made by the purchasers.

Judgment affirmed.
Costs to respondents.

McQUADE, C. J., SMITH and KNUDSON, JJ., and OLIVER, District Judge, concur.