417 P.2d 407

**Fred J. DOLBEER and Anna Willis Dolbeer, his wife, Plaintiffs, Cross-Defendants, Appellants and Cross-Respondents,**

v.

**Kenneth HARTEN and Lucille B. Harten, his wife, Defendants, Cross-Claimants, Respondents and Cross-Appellants.**

No. 9541.

Supreme Court of Idaho.

Sept. 22, 1965.

On Rehearing July 14, 1966.

Rehearing Denied Sept. 9, 1966.

H. J. Swanson and Archie W. Service, Pocatello, for appellants.

F. M. Bistline and Merrill K. Gee, Pocatello, for respondents.

McFADDEN, Justice.

On May 19, 1960, Mr. and Mrs. Fred J. Dolbeer, (appellants) agreed to sell Mr. and Mrs. Kenneth Harten, (respondents) an improved tract of land situate near Pocatello, known as Meridell Park. The improvements included a residence, a large building suitable for use as a warehouse or for manufacturing purposes, two tourists cabins, a modern cottage, a community kitchen, rest room facilities, and two apartments: also facilities for trailer spaces. The agreed price under the contract was $67,500.

As the initial payment under the contract, the Hartens transferred title to the property they owned in Pocatello, at the agreed price of $7,500. The balance of $60,000 was to be paid in monthly installments, with interest on the unpaid balance computed at 6% per annum. The Hartens were to pay all taxes and maintain insurance on the property.

The Hartens took possession of the property and stayed in possession until February 28, 1963; during the time of their occupancy they paid on the contract the sum of $7,200.00, together with $268.24 in taxes and insurance in the amount of $272.00.

The monthly payments agreed to be paid to the Dolbeers by the Hartens were maintained until July 12, 1962. In September 1962, the Dolbeers gave notice of the default by the Hartens; the next month, the Dolbeers, on the basis of previous notice of default, served on the Hartens a notice of forfeiture, wherein they demanded possession of the premises.

Possession of the property was not given by the Hartens, and the Dolbeers instituted this action against the Hartens, seeking to quiet their title and to secure possession of the premises. The Hartens answered the complaint, asserting they had an equitable interest in the property by reason of the agreement of sale. They also interposed two cross-claims, the first for recision of the agreement on the grounds that the appellants had been guilty of fraudulent misrepresentations of facts at the time of the execution of the contract; the second for a money judgment claiming that they were entitled to some $35,723.29, because the provisions of the contract providing for a forfeiture constituted a penalty, and claiming that allowing the appellants to retain the payments and improvements made would constitute an unjust enrichment. They sought judgment in that amount, with interest.

In answer to the cross-claims, the appellants denied the facts claimed as constituting fraud, and denied that there was any penalty inherent in the contract. They also claimed that under the provisions of the agreement of sale they were entitled to a reasonable attorney's fee for maintaining the action to secure possession of the premises.

Provisions of the contract of particular importance here are:

"Time is of the essence of this agreement and in case the Purchasers shall fail, refuse or neglect to pay to the Vendors the money as is agreed herein to be paid or to pay the taxes and assessments at the time the same shall become due or shall fail to fulfill any of the covenants or agreements on their part to be kept and performed, then and in that event the Vendors shall be relieved from obligation in law or in equity to convey said property and the Vendors may, at their option forfeit any and all rights of the Purchasers in and to the said real estate, and all

money paid to the Vendors by the Purchasers under this agreement shall be retained by the Vendors as liquidated damages for non-performance of this contract and as rent for said premises, and the Vendees and the Purchasers shall cease to have any right, title or interest in and to said premises and agree to immediately surrender peaceable possession of the same to the Vendors.

"It is agreed that the above remedy is cumulative and the Vendors shall have any other remedy for the enforcement of this contract given to them by the laws of the State of Idaho.

"It is further agreed that if it becomes necessary for the Vendors to bring an action in any court of competent jurisdiction for the enforcement of this contract for the repossession of said premises upon failure of the Purchasers to make the payments and perform the covenants as herein specified, the Purchasers shall pay all costs contracted by the Vendors, together with a reasonable attorney's fee."

After a protracted trial before the court, amended findings of fact, conclusions of law and judgment and decree were entered. The judgment was to the effect that the respondent Hartens had no right or title to the real estate; that the Hartens take nothing on their first cross-claim based on fraudulent misrepresentations; that the Hartens recover of the appellants $5,157.38 with 6% interest, which had been determined to be a penalty; that the appellants are not entitled to any attorney's fees.

The Dolbeers appealed from that portion of this judgment which awarded the sum of $5,157.38 to the Hartens, and also that portion thereof which denied them attorney's fee.

After the notice of appeal had been filed, and within ten days after entry of the judgment, the respondents filed their motion to amend the findings of fact, for additional findings of fact, and to vacate the judgment (I.R.C.P. 52(b)), which motion was argued to the court; thereafter second amended findings of fact and conclusions of law were entered together with an amended judgment and decree. The appellants also later appealed from the same provisions of the amended decree as they did from the first decree.

The appeal here was taken upon the judgment roll and the clerk's transcript alone, without any reporter's transcript of the testimony.

The first issue to be considered upon this appeal is whether the trial court, after appellants had appealed from the judgment, erred in considering respondent's motion to amend the findings of fact, for additional findings of fact, and to vacate the judgment.

Involved in resolution of this question is I.R.C.P. 52(b) which provides that upon motion within ten days after entry of judgment the trial court may amend its findings or make additional findings and may amend the judgment accordingly. Additionally involved, is I.R.C.P. 60(a) which provides that mistakes in judgments, orders, or other parts of the records, and errors arising from oversight or omission may be corrected by the court on its own initative, or on motion of any party. It also provided "During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court." I.R.C.P. 52(b), 60(a), and 59(e) (motion to alter or amend a judgment) are practically identical with the same numbered Federal Rules. I.C. § 13-201, provides among other items, that upon the filing of a timely motion to amend or make additional findings of fact, or a timely motion to alter or amend a judgment, the time for appeal commences to run from the entry of any order granting or denying such motions. The Federal counterpart of this statute is Federal Rule 73 (a) which in effect provides that upon the filing of a timely motion under Federal Rule 52(b) to amend or make additional

findings of fact, or Federal Rule 59 to alter or amend the judgment, or Federal Rule 59 for a new trial, the time for appeal commences to run after the ruling on such motion.

The case of Fiske v. Wallace (Wallace v. Fiske) 115 F.2d 1003 (8th Cir. 1940), involved a factual situation comparable to the present case. Findings of fact, conclusions of law and decree were entered on a certain day. Nine days later, the defendant filed his notice of appeal. The same day, but two hours after the notice of appeal was filed, plaintiff filed his motion under Rule 52(b) for amendment of findings, conclusions, etc. The motion was submitted to and argued to the court some days later, and upon it being denied the plaintiff filed his notice of appeal. The question presented was whether the trial court had authority to rule upon the motion to amend after the appeal had been filed, and also as to whether the plaintiff's appeal was timely. The Eighth Circuit Court of appeals held that the trial court had no authority to pass upon the questions presented by the motion. In reaching that conclusion, the court stated:

"The plaintiff's motion to amend the conclusions of law and the judgment in his favor having been filed after the judgment defendants had taken their appeal did not operate to retain the case in the jurisdiction of the district court or to extend the time for appeal to the judgment plaintiff. After the judgment defendants had appealed, he has the right to take a cross appeal or to file his motion (within time) in the trial court and within time limited by statute for appeal from the judgment apply to this court to remand the case for consideration of his motion to modify. Isgrig v. United States, supra [109 F.2d 131 (4th Cir. 1940)]. The difficulty here is that the trial court had, by the taking of the appeal, lost jurisdiction to consider and determine the motion before the motion was filed. But Mr. Wallace [the plaintiff] could not ex-

tend the time for his appeal merely by his motion filed after the defendants' appeal had been taken." 115 F.2d 1005.

See also: Miller v. United States, 114 F.2d 267 (7th Cir. 1940).

Under the Federal Rules of Procedure it is generally held that upon the filing of a timely and sufficient notice of appeal, the trial court is divested of authority to proceed further in the case, except in aid of the appeal or under Rule 60(a) 7 Moore's Federal Practice, 2nd ed. § 7313, pg. 3158; 3A Barron & Holtzoff, Federal Practice and Procedure, § 1558 pg. 85. See also: 4 Am.Jur.2d Appeal and Error § 352, pg. 830, et seq.

I.C. § 13–208 provides:

"Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matter embraced therein, * * *."

See: Lerner v. Superior Court, 38 Cal.2d 676, 242 P.2d 321 (1952), where the Supreme Court of California considered the applicability of that portion of Sec. 946 of the Code of Civil Procedure of California, identical to I.C. § 13–208, cf. Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788.

Appellants are correct in their contention that the trial court was without authority to pass upon the motion to amend and alter the findings of fact and conclusions of law and vacate the judgment, which was filed after the appeal to this court had been perfected.

There still remains for consideration the other assertions of the appellant that the trial court erred in its determination that they were not entitled to any allowance for attorney's fees herein, and that the trial court erred in its determination that the contract provisions providing for liquidated damages constituted a penalty.

Subsequent to consideration of this case by the trial court, this court has ruled upon the following cases, wherein the issues

comparable to those presented by appellant's assignments of error have been considered, namely: Nichols v. Knowles, 87 Idaho 550, 394 P.2d 630; Anderson v. Michel, 88 Idaho 228, 398 P.2d 228; Walker v. Nunnenkamp, 88 Idaho 222, 398 P.2d 444; Valdez v. Christensen, 89 Idaho 285, 404 P.2d 343. In Nichols v. Knowles, supra, this court had before it a sales contract of $20,000; the trial court found payments of $6,000.00 had been made on the contract, and that the loss to the vendors of rental, costs of repairs, and real estate commission chargeable against such payment totalled $2,650.00, leaving a balance of $3,350.00. This court sustained the trial court's determination that such latter amount did not bear a reasonable relation to the damages suffered by the vendors, but was unconscionable and exorbitant and hence a penalty, and that the agreement providing for stipulated damages was void.

In Walker v. Nunnenkamp, supra, this court affirmed a decree denying a claim for repayment of sums paid by the purchasers, pointing out that in that case the vendors damages exceeded the total payments by the purchasers.

In Anderson v. Michel, supra, there was a contract of $126,000 involved. The trial court fixed damages to the vendors in the amount of $57,550, (disregarding certain losses of personalty) and payments by the purchasers of $65,366.00. The trial court held that the damages sustained by the vendors bore a reasonable relationship to the sums paid by the purchasers on the contract and that they were not so exorbitant or unconscionable as to constitute a penalty. This court disallowed certain of the rental items, and found loss by the vendors in the amount of $49,475.00, which would result in an overpayment of damages in the amount of $15,891. This court concluded that this amount did not constitute a penalty, but bore a reasonable relationship to the actual damages sustained.

In Anderson v. Michel, the contract provided that attorneys' fees incurred in any litigation for forfeiture or enforcement of the contract should be taxed as costs by the successful party. The trial court, however, denied the vendors' claim for an award of attorney's fees. This court commented concerning the failure of the trial court to award such fees, as follows:

"The court's refusal to allow plaintiffs an attorney's fee, provided for in the contract, we assume was based upon the fact that plaintiffs' actual damages were overpaid. This was a proper exercise of the equitable powers of the court. Having in mind the costs and expenses of this litigation, the possible expense of a resale of the property, and the magnitude of the transaction, we conclude that the amount retained by plaintiffs as liquidated damages bears a reasonable relation to the actual damages sustained and is not so exorbitant and unconscionable as to constitute a penalty." 398 P.2d at 235.

In Valdez v. Christensen, supra, there was a $90,000 contract, with $25,000 paid on the purchase price. The trial court found loss of rental, depreciation and other items, totalled $21,450, leaving a $3,550 balance, against which the trial court charged attorney's fees in the amount of $850.00, and ordered repayment of $2,700.00 by the vendors to the purchasers. This court therein stated:

"As the record now stands it does not appear that a forfeiture of $2,700 as additional damages for the breach of a contract of the magnitude of that here involved would be unconscionable or sufficient to amount to a penalty." 404 P.2d at 346.

The cause was remanded, however, for additional findings of fact.

In the instant cause the trial court found against the respondent's contention that there was any fraud. The sum agreed to be paid under the contract was $67,500. Payments in the amount of $7,500 and $7,200 were made on the contract, plus improvements on the property made by the purchasers of the value of $2,523. The court found that the value of the benefit

to the appellants was $17,223; also the court found that the reasonable rental value of the property during the period respondents had possession was $12,065.62, that the difference between the value received by appellants, and the rentals to be charged was $5,157.38, for which sum judgment and decree was entered in favor of respondents and against appellants.

In computing the damages to the appellants, the court did not take into consideration any sum for attorney's fees incurred in defending against the respondent's claim of fraudulent representation of facts. The trial court, did, however, in its first amended findings of fact, find:

"The court further finds that the plaintiffs have agreed to pay their attorneys the sum of $4,180 for their services performed for the plaintiffs, so far, in this proceedings, and the Court finds that the sum is a reasonable sum for the services rendered in this action by the plaintiffs' attorneys to date in this action."

However, the trial court concluded:

"The Court concludes that this action was filed October 19, 1962, and that possession was delivered to the plaintiffs on March 1st, 1963; and that the trial was concerned principally with whether or not there could be a forfeiture under the cross-claims. That the plaintiffs are not entitled to attorneys' fees for defending against the cross-claims interposed by the defendants to the complaint, and no attorneys' fees are allowed."

The judgment of the court, in accord with its conclusions of law, denied any award of attorneys' fees. Repeatedly this court has held that attorney's fee incurred in this type of action is a proper item to be considered by the trial court in making its determination as to whether the amount retained under an agreement for liquidated damages as appears in this contract, constitutes a penalty or not. Valdez v. Christensen, supra. Williamson v. Smith, 74 Idaho 79, 256 P.2d 784; Melton v. Amar, 86 Idaho 262, 385 P.2d 406; Anderson v. Michel, 88 Idaho 228, 398 P.2d 228.

When one considers the type of property involved in this action, the amount contracted for, the length of time the respondents held possession, the magnitude of the contract, the length of the trial, the amount the trial court found the appellants have incurred as reasonable attorney's fee, the amount retained by the appellants bears a reasonable relationship to the actual damages, and did not constitute a penalty. Coe v. Bennett, 46 Idaho 62, 266 P. 413; Williamson v. Smith, 74 Idaho 79, 256 P.2d 784; Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020; Scogings v. Love, 79 Idaho 179, 312 P.2d 570; Howard v. Bar Bell Land & Cattle Co., 81 Idaho 189, 340 P.2d 103; Melton v. Amar, 86 Idaho 262, 385 P.2d 406; Miller v. Remior, 86 Idaho 121, 383 P.2d 596; Nichols v. Knowles, 87 Idaho 550, 394 P.2d 630; Walker v. Nunnenkamp, 84 Idaho 485, 373 P.2d 559; 88 Idaho 222, 398 P.2d 444; Melton v. Amar, 83 Idaho 99, 358 P.2d 855; 86 Idaho 262, 385 P.2d 406; Nichols v. Knowles, 87 Idaho 550, 394 P.2d 630; Anderson v. Michel, 88 Idaho 228, 398 P.2d 228; Valdez v. Christensen, 89 Idaho 285, 404 P.2d 343.

Respondents herein cross-appealed, asserting that the trial court erred in failure to allow them the sum of $268.24 paid as taxes; in failure to award interest on the sum allowed by the trial court, and in failure to allow a purchaser's lien for the amount awarded. Under the disposition of the cause as above set forth, these issues are now immaterial.

The judgment of the trial court is reversed, and cause is remanded with direction to enter judgment in accordance herewith. Costs to appellants.

TAYLOR, SMITH and KNUDSON, JJ., and MARTIN, District Judge, concur.

## ON REHEARING

McFADDEN, Chief Justice.

This cause was reheard upon respondents' petition. Spear, J., who was appointed

to fill the vacancy created by resignation of Knudson, J., participated in the cause on rehearing. In the order granting rehearing the parties were requested to re-argue the case and also were particularly requested to submit authorities on the issue of whether a trial court, after notice of appeal from a judgment has been taken, may thereafter consider a timely motion to amend or make additional findings of fact.

It is the contention of respondents that timely motion filed by them pursuant to I.R.C.P. 52(b), to amend or make additional findings of fact may be considered and acted upon by the trial court notwithstanding that an appeal had already been taken by appellants, and hence that this court should not have considered the amended findings of fact, conclusions of law and judgment appealed from, but should only have considered the second amended findings of fact, conclusions of law and judgment.

The record reflects that a memorandum decision was rendered by the trial court on August 20, 1963, wherein the respondents' counsel were requested to prepare and submit appropriate findings of fact, conclusions of law and judgment. Various extensions of time were authorized within which to submit objections to these findings, conclusions and judgment. Thereafter another memorandum decision was entered on February 28, 1964, denying respondents' objections to the proposed findings, conclusions and decree, and appellants' counsel was requested to prepare amendments to the findings, conclusions and decree previously submitted. A third memorandum decision was entered on June 19, 1964, after a hearing was held on the appellants' motion for approval of amended findings of fact, amended conclusions of law, and amended decree and judgment, and therein appellants' counsel were requested to prepare and submit another order amending the findings and conclusions, and also submit the judgment. On June 29, amended findings of fact, conclusions of law and decree were signed and entered. On July 1, 1964, by filing and serving notice of appeal accompanied with cost and supersedeas bond, appellants perfected an appeal from parts of the judgment entered. On July 9, respondents filed their motion to amend the findings of fact, for additional findings, and to vacate the judgment. Thereafter on July 20, 1964, a hearing was had on respondents' motion to amend the findings of fact and for additional findings and to vacate the judgment. On August 6, 1964, second amended findings of fact, conclusions of law and amended judgment and decree were entered, from which judgment appellants again appealed by filing and serving notice of appeal, with cost and supersedeas bonds.

■ The general rule is that upon an appeal being perfected the trial court is divested of jurisdiction of the cause;[1] having lost jurisdiction pending an appeal the lower court may not allow amendments;[2] and

1. Brookshier v. Hyatt, 91 Idaho 305, 420 P. 2d 788; Berman v. United States, 302 U. S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937); State v. McCarrell, 80 Ariz. 240, 295 P.2d 1086 (1956); Associated Lumber & Box Co. v. Superior Court in and for Calaveras County, 79 Cal.App.2d 577, 180 P.2d 389 (1947); King v. Lank, 5 Terry 189, 44 Del. 189, 61 A.2d 402 (1948); Horn v. Horn, 73 So.2d 905 (Fla. 1954); Marrifield v. Western Cottage Piano & Organ Co., 238 Ill. 526, 87 N.E. 379 (1909); Tucker v. Heaverlo, 249 Iowa 197, 86 N.W.2d 353 (1957); Tiller v. Elfenbein, 205 Md. 14, 106 A.2d 42 (1954); Bock v. Sauk Center Grocery Co., 100 Minn. 71, 110 N.W. 257, 9 L.R. A.,N.S., 1054 (1907); Lindsey v. Lindsey, 219 Miss. 720, 69 So.2d 844 (1954); State v. Ashworth, 346 Mo. 869, 143 S.W. 2d 279 (1940); Benolken v. Miracle, 128 Mont. 262, 273 P.2d 667 (1954); State v. Jackson, 228 Or. 371, 365 P.2d 294, 89 A.L.R.2d 1225 (1961); Smith v. Kimball, 76 Utah 350, 289 P. 588, 70 A.L.R. 101 (1930); Dwight v. Hazlett, 107 W.Va. 192, 147 S.E. 877, 66 A.L.R. 102 (1929); Lerner v. Superior Court in and for San Mateo County, 38 Cal.2d 676, 242 P.2d 321 (1952).

2. Cranston v. Stanfield, 123 Or. 314, 261 P. 52 (1927); Good v. Board of Sup'rs, 140 Va. 399, 125 S.E. 321 (1924); Pure Oil Co. v. O'Brien, 106 W.Va. 10, 144 S.E. 564 (1928).

it is error to enter a substituted and supplemental decree after appeal is taken.[3]

The Idaho Rules of Civil Procedure are based on the Federal Rules of Civil Procedure. See: Publisher's Note, page III, I.R.C.P. In adopting these rules, however, this court did not adopt any of the Federal Rules of Civil Procedure governing appeals from the United States District Courts to the United States Supreme Court, (Fed. Rule 72,) or rules governing appeals from the United States District Courts to the Circuit Courts. (Federal Rules 73(a–g), 74, 75(a–o), and 76). I.R.C.P. 72 pertains to appeals to district court. The designation of I.R.C.P. 73(a–g), 74, 75(a–o), and 76, is that these sections are "Reserved". See pg. 408, I.R.C.P.

■ The right to appeal, procedures involved, time for appeals, etc., are presently governed by I.C. Title 13, Chs. 1 and 2. It is of interest to note that Title 13, Ch. 1 and all of Ch. 2, (except I.C. § 13–222), were first enacted in 1881, as §§ 639–661 of C.C.P. 1881, having been amended at various times by the legislature. I.C. § 13–222 was enacted S.L.1943, Ch. 89 § 1. Idaho Const. Art. 5 § 13, provides:

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a *proper system of appeals,* and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution." (Emphasis added.)

At the time of the adoption of the constitution, a complete system of appeals was a part of the law of this state. The right to appeal, time for taking appeals, and requirements for appeal have always been considered as within area reserved by the constitution to the legislature for change or modification. Weiser Irr. Dist. v. Middle Valley, etc., Co., 28 Idaho 548, 552, 155 P. 484.

■ Under the provisions of I.C. § 13–208, when an appeal to this court is perfected, "it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein * * *." The effect of perfecting an appeal is to divest the district court of further jurisdiction in the cause as to matters embraced in the judgment or order appealed from, although not as to matters ancillary or supplementary thereto. This transfer of jurisdiction from the district court to the Supreme Court is recognized by I.R.C.P. 60(a) which provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. *During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court.*" (Emphasis added.)

The previous opinion by this court is confirmed; the judgment of the trial court is reversed, and the cause is remanded with directions to enter judgment in accordance therewith.

Costs to appellants.

TAYLOR, SMITH and SPEAR, JJ., and MARTIN, D. J., concur.

---

3. State ex rel. Woodbury County Anti-Saloon League v. McGraw, 191 Iowa 1090, 183 N.W. 593 (1921).