JOSEPH BILLINGSLEY, d. b., *vs.* WILCKENS, STAATS AND COMPANY, INCORPORATED, a corporation of the State of Delaware, p. b.

*Justices of the Peace—Certiorari—Jurisdiction—Splitting Single Cause of Action—Evidence dehors the Record.*

1.    The practice of the Court for many years has been to confine the review on *certiorari* to the record as sent up in obedience to the writ.

2.    On *certiorari* to a Justice, the Court will not go behind the record for the purpose of establishing jurisdiction, or of proving any other fact,

and will not permit evidence of matters *aliunde* not essential and necessarily a part of the record.

3.    A Justice cannot legally, split a single cause of action into parts for the purpose of acquiring jurisdiction of the several parts.

4.    If a Justice should split a single cause of action into parts for the purpose of jurisdiction of the several parts, the defendant's remedy is not by *certiorari*.

Del. cases cited:    *Messick vs. Dawson,* 2 *Harr.* 50; *Layton vs. Polk,* 2 *Harr.* 50; *(note a)*; 1 *Woolley Del. Prac., Sec.* 898, *p.* 627.

(*November* 11, 1909.)

Judges BOYCE and HASTINGS sitting.

*Julian C. Walker* for plaintiff in certiorari.

*William S. Hilles* for respondent.

Superior Court, New Castle County, November Term, 1909.

CERTIORARI (No. 37 September Term, 1909), from a judgment rendered by Alton C. Pyle, a Justice of the Peace in and for New Castle County.

BOYCE, J., delivering the opinion of the Court:

The cause of action in this case was stated on the record of the Justice, as follows:—"Action of assumpsit; cause of action for goods sold and delivered; amount demanded, ninety-five and 09-100 dollars."

On the same day, before the same Justice, the plaintiff brought a second suit against the defendant, and the cause of action in the second suit was stated precisely in the same words except as to amount demanded, which was one hundred and seventy-three dollars and eighteen cents.

Judgment by default was entered in each case, on the fourth day of June, A. D. 1907.    A *certiorari* was issued out of this Court to the Justice, requiring him to send up the record in each case.

Counsel for the defendant in the judgments filed ten exceptions to the record of each judgment. He relied, however, upon the first, second, eighth, ninth and tenth, which are as follows, respectively:

"1.    The record does not show a cause of action within the jurisdiction of a Justice of the Peace.

"2.    The record does not show affirmatively jurisdiction of the cause of action.

"8.    It appears upon the face of the records of the Justice of the Peace, certified copies of which records are now before this Court, that the cause of action was divided, in order to recover the amount demanded before a Justice of the Peace,—the whole of the demand being above or in excess of two hundred dollars ($200.00), to-wit; the sum of two hundred and sixty-eight dollars and twenty-seven cents ($268.27).

"9.    There is manifest error in the record and proceedings before the Justice of the Peace in this, to-wit: the matter in demand by the said plaintiff below against the said defendant below exceeded two hundred dollars ($200.00), to-wit: the sum of two hundred and sixty-eight dollars and twenty-seven cents ($268.27); and for the purpose of recovering the said debt or claim, the said plaintiff below instituted two suits before the said Justice of the Peace, at the same time, demanding part of said debt in each suit; and judgment was accordingly given by the said Justice of the Peace for a part of said debt in each of said suits, although the said debt was one entire demand of which the said Justice of the Peace had not jurisdiction.

"10.    The record of the Justice of the Peace, as shown by the certified copies of the said record in this case and in another case between the same parties plaintiff and defendant now pending in this Court,—said latter case being No. 38, September Term 1909, ( a certified copy of the record in the said latter case being filed with these exceptions and intended to be made a part hereof) shows that the judgment in this case was one of two judgments obtained before the said Justice of the Peace, at the same time, by the same plaintiff and against the same defendant, and upon a

single cause of action, which said action was upon a book account for goods sold and delivered and the amount demanded was the sum of two hundred and sixty-eight dollars and twenty-seven cents ($268.27), and which said cause of action the said plaintiff below had split and divided for the sole purpose of bringing it within the jurisdiction of a Justice of the Peace."

The Court heard argument upon the exceptions. Counsel for the defendant contended that the record of the two cases showed that the judgment obtained in this case was one of two judgments obtained on a single cause of action, amounting, in the aggregate, to a sum exceeding two hundred dollars, and which was beyond the jurisdiction of the Justice, and that the said sum was split before bringing the suits for the purpose of bringing each case within the jurisdiction of the Justice, contrary to law.

Before hearing the exceptions, or the motion made by counsel for the plaintiff to strike out the eighth, ninth and tenth exceptions, counsel for the defendant presented a petition, alleging as facts the substance of his contention, as stated, supported by the affidavit of the defendant as to the truth thereof, by which he sought to be permitted to introduce proof of the same, *aliunde* the record, and thereby show that the Justice did not have jurisdiction of the subject matter of the two suits. His contention was that the essentials of jurisdiction might be controverted in this way, and in support of his contention he relied upon the early practice of this Court, in a few instances, to allow evidence of matters not essentially and necessarily a part of the record, but *dehors* the record, to complete or explain an incomplete or doubtful record—1 *Woolley*, *Sec.* 898, and the cases cited —and he brought to the attention of the Court the fact that in one of those cases the error assigned was that the cause of action had been split or divided, as alleged in this case.—*Messick vs. Dawson*, 2 *Harr.* 50; and *Layton vs. Polk*, 2 *Harr.* 50 (*note a*). "But," as is said in 1 *Woolley*, *Sec.* 898, *page* 627, "the rule and practice of the Court for forty years has been to

confine the review on *certiorari* to the record as sent up in obedience to the writ.

Repeated efforts have been made in recent years in *certiorari* cases to introduce evidence *aliunde*, based upon the early decissions, but without success, and it may now be accepted as established practice that the Court will not go behind the record for the purpose of establishing jurisdiction or of proving any other fact.

We are constrained to adhere to this practice and not to permit evidence of matters not essentially and necessarily a part of the record *aliunde*.

We may say in conclusion that a Justice cannot properly or legally split a single cause of action into parts for the purpose of acquiring jurisdiction of the several parts, but if he should wrongfully do so the defendant's remedy is not by *certiorari*.

The judgment in this case is affirmed.