CHARLES S. WORKMAN, d. b. v. NAPOLEON B. HEARN, p. b.

1. JUSTICE OF THE PEACE—APPEARANCE OF DEFENDANT CURES DEFECTIVE SERVICE.

An objection to the jurisdiction of a justice of the peace, because the summons was served less than five full days before the day appointed for the hearing, contrary to *Rev. Code* 1915, § 4069, is cured by the appearance of the defendant at the trial.

2. JURY—JURORS MUST BE SUMMONED BY CONSTABLE, NOT JUSTICE.

Under *Rev. Code* 1915, § 4070, providing that, when a jury trial is demanded, the justice shall issue a writ to the constable commanding him to summon three judicious and impartial men to act as jurors, the constable, and not the justice, must select the jurors, so that a judgment must be reversed, where it appeared that the justice in his writ named the three men to be summoned by the constable.

*(October 14, 1920.)*

BOYCE and RICE, J. J., sitting.

*Woodburn Martin* and *Charles W. Cullen* for defendant below.

*Robert G. Houston* for plaintiff below.

Superior Court for Sussex County, October Term, 1920.

CERTIORARI, No. 23, June Term, 1920.

Forcible entry and detainer by Napoleon B. Hearn against Charles S. Workman.    Judgment for plaintiff on a verdict of the jury in a court of a justice of the peace, and defendant brings certiorari.    Judgment reversed.

The plaintiff filed his statement under *Rev. Code* 1915, § 4068 (1).    Summons issued to constable, May 27, 1920, returnable June 1, 1920, at 2 o'clock p. m.    Summons served personally on defendant, date of issue.    On the return day, defendant requested

trial by jury. Whereupon the justice issued sommons to constable commanding him to summons three judicious and impartial men (naming them) to appear before the justice, June 1, 1920, at 2 'clock p. m. Served personally. At the place and time mentioned, the plaintiff, defendant, jurors and witnesses were present. The trial proceeded to verdict and judgment against the defendant. The defendant below on certiorari filed several exceptions to the record. The fourth exception was:

"That the summons was served less than five full days before the day appointed therein for hearing."

The *Code* (*section* 4069) provides:

"The said writ may be issued to the constable and shall be served five full days, or more, before the day appointed therein for hearing."

The fifth exception was:

"That the jurors were chosen by the justice, and not by the constable."

The *Code* (*section* 4070) provides:

"If either party request a jury trial on or before the return day of the summons, the justice shall issue a writ to the constable, commanding him to summons three judicious and impartial men to appear before the justice, at the time therein appointed, and try the said cause, which time shall be the return day of the summons, or," etc.

RICE, J. [1] The two exceptions relied upon appear above, and with respect to the first of these the court are of the opinion that the appearance of the defendant at the trial cured the defect in service.

[2] It appears from the record in this case that the justice selected and named in the writ the three judicious and impartial men to be summoned by the constable to appear and try the cause, and the court are of the opinion that when the justice issues the writ, it is the duty of the constable to select and summon the jurors, and a record showing that some person other than the constable selected the jurors is fatally defective. We may also state that this construction of the statute is in conformity with a long established practice in this county.

For the reason stated it is ordered that the judgment below be and is reversed.