EARL F. WOODALL and HAZEL M. WOODALL, and THE STATE OF
DELAWARE to the Use of EARL F. WOODALL and HAZEL M.
WOODALL, Plaintiffs, v. WARREN W. BUCKINGHAM and
THOMAS ZEBLEY, Defendants.

(*May* 4, 1950.)

LAYTON J., sitting.

*Robert C. Barab* for the Plaintiffs.

*August F. Walz* (of Hastings, Stockly, Walz and Wise) for
the Defendants.

Superior Court for New Castle County, No. 1045, Civil
Action, 1948.

LAYTON, J.

■ The clear weight of authority is to the effect that a magistrate is not liable for errors or omissions insofar as concerns his judicial acts. In this connection Am. Jur. Vol.31, Justices of the Peace Sec. 21,says: "Sec.21-Within Jurisdiction.-It is a principle lying at the foundation of all well-ordered jurisprudence that every judge, whether of higher or lower degree, exercising the jurisdiction vested in him by law and deciding upon the rights of others should act upon his own free unbiased convictions, uninfluenced by any apprehension of consequences. He is not bound, at the peril of an action for damages or of personal controversy, to decide right, in matter of either law or fact, but to decide according to his own convictions of right. Such, of necessity, is the nature of the trust assumed by all on whom judicial power, in greater or lesser measure, is conferred. This trust is fulfilled when he honestly decides according to the conclusions of his own mind in a given case, although another might have come to a different conclusion. Accordingly, where a justice of the peace acts fully within his jurisdiction, that is, when he has jurisdiction of the subject matter and has acquired jurisdiction of the person in the particular case, he is not liable for acts done in the case."

■ The rule is different, however, where the magistrate acts without jurisdiction. On this subject, Am. Jur. Vol. 31, Justices of the Peace, Section 22, goes on to say: "Sec. 22.—Without Jurisdiction.—The generally accepted rule is that a justice of

the peace is civilly liable when he acts without jurisdicition of the person, without a general jurisdiction of the subject matter, or without compliance with jurisdictional prerequisites, irrespective of motive or corruption * * *".

██ In this case the Defendant magistrate made his original summons returnable in two, instead of the five days, which the Act clearly demands. The original writ was, thus, void. 6 A. L. R. 851, *Masonite Corp.* v. *Burnham*, 164 *Miss.* 840, 146 *So.* 292, 91 *A. L. R.* 753, and cases therein cited. The Defendant agrees with these more or less axiomatic propositions just stated but contends that the failure of original jurisdiction over the person under the invalid writ of summons was cured by Woodall's subsequent appearance and confession of judgment. It is fundamental that where a magistrate has jurisdiction of the subject matter, as in this case, a defect in jurisdiction over the person of the Defendant may thereafter be cured by his appearance. *Workman* v. *Hearn*, 1 *W. W. Harr.* 138, 111 *A.* 744.

█ Held after an examination of all the evidence that Plaintiff, Woodall, did not voluntarily enter his appearance in the case and that the damages to his furniture were occasioned by the negligence of the Defendant, Zebley.

Judgment for Plaintiff.