JULIAN T. JONES, Plaintiff v. A. A. JULIAN and PAULINE DE POLO and ALBERT J. DE POLO, her husband, Defendants.

(*February* 21, 1963.)

LYNCH, J., sitting.

*Donald W. Booker* for Plaintiff.

*John T. Gallagher* for Defendants.

Superior Court for New Castle County, No. 1745, Civil Action, 1961.

LYNCH, J.:

Plaintiff instituted a Mechanic's Lien Proceeding in this Court on December 20, 1961, seeking to recover the sum of $2,465.22, and his verified complaint showed that defendant Julian had engaged the plaintiff to pave an area of 1,001.4 square yards of bituminous concrete paving, costing $2,303.22, to pave 210 square yards of concrete driveway entrances, costing $147.00 and installing 30 feet of curb work at a cost of $15.00.

Plaintiff's verified Statement of Claim alleges that the work was commenced on June 1, 1960. Paragraph 9 of this complaint alleged the work "was finished" on September 23, 1961. Defendants' verified answer denied the complaint's allegations that the work "was finished" on September 23, 1961, and alleged that the plantiff's work under his engagement with defendant Julian was completed June 8, 1960.

As part of their verified answer defendants filed an affidavit, dated January 16, 1962, in which it was alleged and contended that plaintiff's Statement of Claim was not filed within the time permitted by 25 *Del. C.* § 2711(b) (90 days from the date of completion of plaintiff's work); that plaintiff's work was "unsatisfactory, in that he did not properly grade his work" so that "the paved area" is filled with depressions that prevent water from draining off the premises; and asserting a counterclaim for damages "arising out of the faulty performance of the plaintiff's work."

Defendant Julian filed an affidavit on March 5, 1962, stating (¶4) (1) that the work was started about June 1, 1960 and (2) it was completed on or before June 8, 1960. The affidavit further states on June 9, 1960 plaintiff had submitted his bill to defendant julian, in the same amount as sued for,

which bill Mr. Julian "refused to pay because the plaintiff's performance of the work was unsatisfactory".

The affidavit further stated that plaintiff came to the job site about September 1960 on more than one occasion and did certain patch work in an effort to remedy his unsatisfactory performance; that "the patch work * * * did not remedy the plaintiff's unsatisfactory performance"; that "on or about September 23, 1960,[1] the plaintiff returned to the premises and attempted to resurface the same but his efforts * * * did not succeed in remedying his defective performance" and "that the plaintiff's performance is entirely without value * *" because the plaintiff failed to construct a proper grade for the project; that the job plaintiff "done * * * must be completely redone * * *".

Plaintiff filed nothing in answer or in response to the statements appearing in the Julian affidavit.

As part of their answer defendants moved to dismiss plaintiff's Statement of Claim,—contending it had been filed too late—as a mechanic's lien proceeding.

When defendants filed this motion and supported it by the subsequent filing of the Julian affidavit made March 5, 1962 "matters outside the pleadings" were thereby injected into the case and thus, by the provisions of Rule 12(b), *Del. C.*, this requires defendants' motion to "be treated as one for summary judgment" and disposed of as provided in Rule 56, rather than as a Motion to Dismiss as originally labeled. See Vol. 6, *Moore's Federal Practice*, 2d Ed., ¶56.11[1], at page 2058. On page 2059, the author mentioned, refers to the use of affidavits under Rule 56 and states that the Rule "authorizes the use of affidavits * * * for the purpose of establishing that there is or is not a triable issue of fact".

---

[1]In his brief plaintiff argues this date should have been September 23, 1961; no affidavit was filed by plaintiff except as appears in his verified complaint.

The Julian affidavit did present facts tending to show there is not "a triable issue of fact" in this case and since plaintiff did not see fit to show by responsive affidavit or by deposition that the matters presented in the Julian affidavit were not true, it is proper for the Court to consider and determine the case on the record presented. It was for plaintiff to disclose any evidence he had which would have disclosed the existence of a genuine issue of fact. *Sparks Co. v. Huber Baking Co.*, 9 Terry (48 Del.) 9, 96 A. 2d 456 (Super. Ct. 1953), and merely asserting it was insufficient; it must appear to the Court from the affidavits or other discovery and certainly it cannot be done by asserting, as here, factual matters in a brief.

In their brief in support of such motion defendants cited *Van Der Heuvel v. Wisnulski*, 9 Terry (48 Del.) 377, 104 A. 2d 381 (Super. Ct. 1954) and *Breeding v. Melson*, 4 W. W. Harr. (34 Del) 9, 143 A. 23, 60 A. L. R. 1252 (Sup. Ct. 1927) as authorities supporting their contention advanced in their motion.

Plaintiff argued (Brief 4-5) he completely re-surfaced "the parking area with a finer material than originally contemplated within the contract upon the insistence of the defendants" and that defendants "admitted that a complete new surfacing was completed on December 23, 1961, within the statutory period for mechanics liens". Nowhere is it shown by acceptable discovery material that plaintiff's work was satisfactory and acceptable to defendants. Just where this information came into the record, if it ever did, does not appear. I recognize the allegation of the date of completion in the complaint but this only fixed a completion date; it made no reference to any re-surfacing of the premises and the consequent acceptance by defendants of the re-surface job.

On the contrary, the Julian affidavit shows other matters and that there was no acceptance of any re-surfaced prem-

ises, and this affidavit stands unchallenged. I cannot find any verified factual showing by affidavit or deposition or other accepted discovery of any re-surfacing of the DePolo land by plaintiffs or the acceptance of such re-surfacing by defendants in any part of the record. If plaintiff wanted to show such facts he should have done so by appropriate discovery, and this he has not chosen to do, and clearly he cannot do so in his brief and thereby seek to show existence of a genuine issue of a material fact. There is no general issue of any material fact on the record before me and I can see only a legal question to resolve.

I find and conclude, from the record, that plaintiff performed his contract by June 8, 1960 and that it was unsatisfactory; that he made efforts to redo the work, such as they may have been, but these efforts were never accepted by defendants so as to show a later date than June 8, 1960. He may have a cause of action against Julian for such work—he argues in his brief that he did—if it is true. I do not consider this.

I rule that defendants' motion must, on the authorities cited, be sustained and granted.

The case, as pleaded, does not show plaintiff's efforts, such as they may have been, were "for the erection, alteration, or repair of any structure"; Title 25 *Del. C.* § 2702 gives a lien to any person who has erected, altered or repaired any structure on land. Plaintiff nowhere alleges that his efforts were along such lines; to the contrary. they appear to have been limited to "improvements * * * to the land alone", such as by paving and the installation of curbing work. He does not show that his efforts were part of some over all contract for the erection of buildings.

Under such circumstances I am of opinion that Title 25 *Del. C.* § 2703 is applicable and since no "contract in writing, signed by the owner or owners thereof", together

with the remaining required portions of the cited statutory section, is pleaded it would appear plaintiff cannot further maintain his action. Since there is, as stated above, another reason to grant defendants' motion, the foregoing may be unnecessary to this decision.

I am conscious that former Judge Herrmann ruled in *Whittington v. Clay's Motels, Inc.* (C. A. 24, 1956, New Castle County, unreported) that paving work, if it is part of a general building program may be recoverable in a mechanic's lien proceeding. Judge Herrmann's ruling was made *after* trial and undoubtedly there was a showing which would have justified his conclusion in that case that the paving work was an "integral part" of the general undertaking.

In that cited case plaintiff sought to recover for labor and materials in the construction of a driveway about a motel; here there is nothing which shows a general undertaking to construct a motel except by way of references in the briefs. It does not appear in plaintiff's Statement of Claim.

Since I have heretofore ruled, *Greenhouse v. Duncan Village Corp. et al.*, 5 Storey 102, 184 A. 2d 479, 482 (1962), that a statement of claim in a mechanic's lien proceeding may not be amended, there is some considerable doubt as to whether the plaintiff could now amend his complaint to allege the necessary "contract in writing", assuming that there was one or other facts which could bring the case within Judge Herrmann's ruling.

An order may be presented on notice providing that defendants' motion should be granted.