JOSEPH W. ROCK, Plaintiff, v. ANTOINE'S, INC., a Delaware corporation, DORSET APARTMENTS, INC., a Delaware corporation, ANTHONY MUSCELLI, FRANCIS KEARNEY, a/k/a Alex Kearney, ABE GOLDFEDER, and ISADORE BERGER, Defendants.

(*May* 22, 1963.)

LYNCH, J., sitting.

*Abraham Hoffman* and *Hiram W. Warder* for Plaintiff.

*Thomas Herlihy, Jr., Joseph M. Kwiatkowski,* and *Thomas Herlihy, III,* for Defendants, Antoine's, Inc., Anthany Muscelli, and Francis Kearney, a/k/a Alex Kearney.

*E. Dickerson Griffenberg* (of Killoran and Van Brunt) for Defendant, Dorset Apartments, Inc.

*E. Norman Veasey,* Chief Deputy Attorney-General, and *W. Laird Stabler, Jr.,* Deputy Attorney-General, for Defendants, Magistrate Abe Goldfeder, Justice of the Peace, and Isadore Berger, County Constable.

Superior Court for New Castle County, No. 295, Civil Action, 1962.

LYNCH, Judge.

Plaintiff's complaint, filed March 16, 1962, alleged he purchased household furniture costing about $5,508.00 from defendant Antoine's, Inc., paying part down and executing and delivering a conditional sales contract. His complaint alleged he was a tenant of Dorset Apartments, Inc., and the furniture was delivered there. It is charged that some months later defendants Antoine's, and Muscelli and Kearney, its agents, filed replevin suits in the Court of defendant, Magistrate Goldfeder, a Justice of the Peace, and these writs were executed by defendant Berger.

The complaint charges that the defendants, other than Magistrate Goldfeder broke into plaintiff's apartment in

the Dorset and unlawfully removed designated property, while plaintiff was absent from the apartment. Plaintiff seeks compensatory and exemplary damages for the unlawful entry, and for the conversion and taking away of his property. He charged that Magistrate Goldfeder and Constable Berger were "guilty" of "abuse of judicial process" and that Dorset Apartments, Inc. had illegally evicted him from his apartment.

The Dorset Apartments, Inc. filed answer and counterclaim, setting up a lease made with plaintiff and Richard L. Henry as "tenants" for three years, for a monthly rental of $270.00 and alleging that the rent was in default prior to the date plaintiff brought his suit on March 16, 1962.

The lease provided, *inter alia*, (¶3) that if the rent was not paid and lessees were in default "Lessor or his agent may enter the leased premises, by force or otherwise, without being liable for any prosecution or action therefor and may proceed to distrain for and collect the" rents due or the whole thereof. Paragraph 9 of this lease likewise provided that if Lessee "shall fail to comply with or violate any of the terms, conditions or covenants" of the lease it shall "* * * determine and become absolutely void without any right on part of Lessee to save the forfeiture * * *". Later the Dorset Apartments moved for summary judgment.

Defendants, Antoine's, Inc., Muscelli and Kearney, filed answer, setting up they repossessed the articles of furniture listed in the complaint "pursuant to the conditional sales agreement", contending, in a counter claim, that plaintiff after purchasing the furniture gave a check for $2,433.50, which Antoine's, Inc. was never able to cash and to get the money called for thereunder, and this was in violation of the conditional sales agreement.

Defendants, Goldfeder and Berger, by the Attorney General, moved to dismiss on the ground that complaint fails to state a claim upon which relief can be granted as to the named defendants.

The defendants, Dorset Apartments and Goldfeder and Berger, filed briefs in support of their motions. The case was orally argued on September 12, 1962, at which time the Court was asked to pass on objections to certain interrogatories. Plaintiff at that time asked for additional time within which to complete discovery. Since then no supplemental discovery has been shown to the Court and the docket is silent except for an entry of an order on October 5, 1962, when the Court, on motion of plaintiff, directed Antoine's, Inc. to produce for plaintiff's inspection its sales slips, sales memorandum ledger records and other records relating to his account with Antoine's, Inc.

At a conference with all counsel, held this Spring, plaintiff was advised the Court was impelled, in the interests of all the parties, to place a limitation on any request for further extension of time for completion of discovery. On the same occasion, attention was called to counsel for plaintiff to the terms of the lease with Dorset, Inc., and counsel given time to amend his pleadings, to show why his co-lessee had not joined in the suit or otherwise explain failure to join Henry as a party to the action and plaintiff's right to further maintain his suit.

Plaintiff has not taken advantage of this proposal on the Court's part and in light of Rule 107(e), *Del. C.* the Court considers this situation as one in which the Rule should be applied, since the case has been pending since March 16, 1962, and plaintiff has not demonstrated any good reason why the case should not be dismissed.

■ I point out, moreover, it has been plaintiff's continuing duty to show, by affidavit or discovery, "any evidence he had which would have disclosed the existence of a genuine issue of fact." *Jones v. Julian*, 5 Storey 505 (1963,Del.Super.Ct.), 188 A.2d 521. This has not been done. I consider that plaintiff has had ample time to comply with this duty and he has failed to produce any such evidence. I note further (1) that the lease plaintiff had with Dorset Apartments, Inc. had by its own terms "become absolutely void" since plaintiff had not paid his rent at the time his suit was filed; (2) plaintiff has not amended his pleadings as was heretofore suggested; and (3) plaintif has shown no evidence whatsoever tending to show Dorset Apartments, Inc. broke into his apartment and took his furniture. Dorset Apartments, Inc. is entitled to have its motion for summary judgment granted—particularly since I question the right of plaintiff to sue Dorset in light of the lease agreement. He had violated the lease by failure to pay rent; he had given assent, by paragraph 3 of the lease, to his landlord to "enter the leased premises"; he had not only agreed to such an entry, he had waived any rights by the agreement for entry by landlord by agreeing it could do so "without being liable for any * * * action therefor * * *."

This case presents a spectacle of a plaintiff who believes he has or may have a justifiable complaint against a private individual (Antoine's, Inc.) for supposed breach of a private contract between the two of them—the conditional sales agreement. Plaintiff would say—and have the Court believe—Antoine's, Inc. took advantage of him by repossessing its goods under the terms of that contract; so miffed at Antoine's actions, plaintiff has sued everyone who had any contact with the proceedings, regardless of how remote their contact may be. The complaint was slap-

ped together and filed, including the suing, *inter alia,* of a judicial officer and his constable, as officers of the State of Delaware, for personal liability. The complaint spells out no sufficient facts to demonstrate any liability or any rational theory of relief.

The depositions of Constable Berger and Mr. Cicero of the Dorset Apartments clearly show that Mr. Muscelli of Antoine's, went to the Dorset Apartments accompanied by Constable Berger, who had with him certain writs issued by the Magistrate Goldfeder. After the Dorset Apartment people checked with their attorneys, all these persons went to the apartment which had been let in the names of plaintiff and Mr. Henry. When all reached there, they found that someone—it could have been Mr. Henry, plaintiff's co-lessee—was already in the apartment and that the door was then unlocked.

The employees of Antoine's proceeded to remove certain furniture. The record shows: (1) no one broke into the apartment on this occasion and (2) Constable Berger did not participate in any removal of the furniture.

I note, moreover, that there was a right of repossession in Antoine's, Inc., independent of any writs of replevin, since the complaint on its face shows a conditional sales contract, and the presence of Constable Berger

This conditional sales contract is subject to the provisions of Chapter 9 of Title 6 of the *Delaware Code* of 1953. Specifically the conditional sales contract provides for retaking possession in the event of default. See 6 *Del. C.* § 916. The conditional sales contract attached to the complaint shows on its face that there was default, inasmuch as a payment of $214.95 was due on January 20, 1962, and plaintiff did not plead it had been paid.

The complaint states only that the $3,084.50 down payment had been made and alleges no further payments as of February 6, 1962, when Antoine's, Inc. undertook to repossess its property, assumedly covered by the conditional sales agreement.

Such defendant retook possession under its conditional sales contract, and the presence of Constable Berger (except perhaps to prevent a breach of the peace) and the issuance of the writs of replevin were wholly superfluous.

There was not, nor can there be any damage shown to the plaintiffs by the issuance of the writs of replevin by Magistrate Goldfeder or by Constable Berger's mere presence at the scene when Antoine's re-took possession of its property under its conditional sales contract.

The complaint shows no such violation of duty by Magistrate Goldfeder of 10 *Del. C.* §§ 9634 and 9635, as would demonstrate any breach of duty by the Magistrate or the Constable to this plaintiff in the issuance of the writs of replevin under the circumstances alleged. 10 *Del. C.* § 9635 refers to a statement of claim at or before return of the writ.

There is, moreover, no breach of any duty to this plaintiff if Antoine's, Inc. failed to provide a bond to Constable Berger. Plaintiff in this case has not pleaded or shown any breach of duty to him as to these two officials and so has no standing to raise such questions.

The allegations of the complaint and as set forth in the record show only, with respect to Magistrate Goldfeder, an action on his part in issuing the writ and the acts of the Constable in acting as he is shown to have acted, all of which clearly were pursuant to statutory authorization and so such acts were judicial in nature and cannot be subject to liability in the absence of proof of corruption or unlawful motive.

The Court of Errors and Appeals said in *Bailey v. Wiggins*, 5 Harr. 462, 470 (1854), concerning the liability of a magistrate for illegally issuing a warrant for a plaintiff's arrest in a false imprisonment lawsuit:

"* * *. A judge acting within his jurisdiction is not a trespasser, though his judgment be wrong on the facts. This is a fundamental principle. The denial of it would be fatal to the administration of justice; and produce greater evils than any which can result from holding the judge exempt from being sued as a trespasser. Any wrong done to the individual by an illegal arrest, may be speedily redressed by the writ of habeas corpus; and for malice or corruption, the judge may be punished; but how can justice be administered, if every opinion or judgment of the magistrate may subject him to a civil suit? There is no safety but in the rule that holds a judge, acting in good faith, irresponsible to the party for error in judgment." 5 Harr. 470.

In *Legates v. Lingo,* 8 Houst. 154 at page 160, 32 A. 80 at page 81 (Super.Ct.1888) this Court said:

"* * *. A justice of the peace is a judicial officer of special and limited jurisdiction, both civil and criminal, in this state; and it is a settled principle of law that for a judicial act no action lies against such an officer, but for an injury arising from the misfeasance or nonfeasance of a ministerial officer the party injured has redress in an action on the case. When an officer is sued for an official act in which he is bound to exercise judgment and discretion, the action will not lie, unless it appears that the act complained of was done willfully and maliciously, or with the intent to injure or oppress the party complaining. It is also held that a justice of the peace, in approving or refusing to approve an appeal bond in a case tried and decided by him, does not act judicially, although he does, indeed,

exercise his discretion in performing the act; but it is the same discretion, exercised by every ministerial officer merely who takes bail. The taking of security in such cases by a justice of the peace is rather a ministerial than a judicial act; and, if he has acted corrruptly or maliciously in it, an action lies. *Tompkins v. Sands*, 8 Wend. 462; *Harman v. Tappenden*, 1 East 555."

Mr. Justice Carey, when sitting as a Judge of the Superior Court, followed *Bailey v. Wiggins*, in *King v. Lank*, 5 Terry 189, 45 Del. 189, 61 A.2d 402 (Super.Ct. 1948), which was a civil action against a Justice of the Peace for damages for false imprisonment. In denying summary judgment for the plaintiff Mr. Justice Carey ruled as follows: (5 Terry 191, 45 Del. 191, 61 A.2d 404)

"The parties agree that a judicial officer acting in a judicial capacity within the scope of his jurisdiction can not be held personally liable in a civil proceeding therefor; but that if he acts wholly without even a color of jurisdiction, he may be sued personally in an action of this nature. This statement is fully justified not only by the Delaware case of *Bailey v. Wiggins*, 5 Harr. 462, 60 Am.Dec. 650; Id., and 1 Houst. 299, but by practically every authority which has been brought to my attention. See annotations in 13 A.L.R. 1345 and 173 A.L.R. 802. Precisely what may be his personal liability when he merely exceeds the jurisdiction conferred upon him need not be decided in the present matter, under my view of the case,nor is it necessary to determine whether any difference exists in the personal responsibility of a Judge having general jurisdiction and of one having limited jurisdiction. The rule laid down in *Bailey v. Wiggins, supra,* seems to be unaffected by the presence or absence of malice or ill-will; in any event, the complaint before me makes no charge of malice."

See also *Patterson v. Blackiston*, 1 Del.Cas. 571 (Sup.Kent 1818) ; *Woodall v. Buckingham*, 6 Terry 360, 45 Del. 360, 74 A.2d 460 (Super.Ct. 1950) ; 31 Am.Jur., Justices of the Peace, § 521; Annotations 13 A.L.R. 1345; 173 A.L.R. 802. Hence, it may be observed that the applicable principle of law has long obtained in Delaware and is clearly dispositive of the motions to dismiss filed by the Attorney General in behalf of the Magistrate and the Constable.

It has been ruled that the issuance of a writ of attachment by a justice of the peace is a judicial act for which he will not be liable. *Yelton v. Becker*, Mo., 248 S.W.2d. 86, 89 (App.Ct.1952), and this ruling, on mature consideration, appears to be sound and applicable here.

It appears, therefore, that the actions of the Magistrate Goldfeder and Constable Berger in this case were judicial acts for which they cannot be held liable,—especially when there is no allegation in the complaint that they acted from an improper motive or corruptly or otherwise than in good faith.

In light of what has been said above, an order may be presented providing for granting (1) the motion for summary judgment of Dorset Apartments, Inc.; (2) the motion to dismiss of Magistrate Goldfeder and Constable Berger; and (3) that the case be otherwise dismissed for failure of plaintiff to adduce the sought for discovery, see Rule 107(e)[1].

---

[1]This Rule reads in part as follows:

"(e)  FAILURE OR NEGLECT TO FILE BRIEFS OR DISCOVERY MATERIAL. If any  *   *   * deposition, affidavit, or any other paper which is or should be a part of a case pending in this Court, is not served and filed within the time and in the manner required by these rules or in accordance with any order of the Court or stipulation of counsel, the Court may, in its discretion, dismiss the proceeding if the plaintiff is in default, consider the motion as abandoned, or summarily deny or grant the motion,  *   *   *."

162

Had Antoine's, Inc. and the remaining defendants filed motions for summary judgment they would have been granted. I do not consider their right to do so now after the case has been considered and decided.

Costs will be assessed against plaintiff.