JOSEPH W. ROCK, Plaintiff-Appellant, v. ANTOINE'S, INC., a Delaware corporation, DORSET APARTMENTS, INC., a Delaware corporation, ANTHONY MUSCELLI, FRANCIS KEARNEY, a/k/a Alex Kearney, ABE GOLDFEDER, and ISADORE BERGER, Defendants-Appellees.

(*February* 13, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*Abraham Hoffman, Robert E. Daley* and *Hiram Warder* for plaintiff.

E. *Dickinson Griffenberg, Jr.* (of Killoran and VanBrunt) for Dorset Apartments, Inc., appellee.

W. *Laird Stabler, J.,* Deputy Attorney General, for Abe Goldfeder and Isadore Berger, appellees.

*Thomas Herlihy, Jr., Thomas Herlihy, III,* and *Joseph M. Kwiatkowski* for Antoine's, Inc., Anthony Muscelli and Francis Kearney, appellees.

Supreme Court of the State of Delaware.

TERRY, Chief Justice.

During October, 1961, plaintiff executed a conditional sales contract with defendant Antoines, Inc. for the purchase of approximately $5,500.00 of furniture and other household goods. The contract was signed by plaintiff alone. At the request of plaintiff, the furniture was moved to an apartment leased by plaintiff and a co-tenant from defendant Dorset Apartments. Discovery proceedings indicate that the first payment subsequent to the initial down payment was due on February 20, 1962.

On February 6, 1962, defendant Muscelli, an agent of the defendant furniture company, procured three separate writs of replevin, each in the amount of $500.00, from defendant Goldfeder, a Justice of the Peace. The complaint filed by plaintiff alleges that defendant Berger, a constable, acting in concert with the defendant furniture company, its agents and the employees of the apartment house, wrongfully broke into and entered the locked apartment of plaintiff and unlawfully converted the property found therein. Damages were requested against defendant Goldfeder for abuse of process and from all defendants for the alleged unlawful conversion of property.

Defendant Dorset Apartments filed a motion for summary judgment, which was initially resisted by plaintiff

upon the grounds that discovery was incomplete. In addition, defendants Goldfeder and Berger filed motions before the court below to dismiss the complaint as to these defendants, or, in the alternative, to require the plaintiff to give a more definite statement of his claim. No motions were filed by defendant Antoines or the individual defendants Anthony Muscelli and Francis Kearney associated with the furniture store. After considerable delay, the court requested counsel to complete discovery in order that pending motions could be resolved. In addition, the court noted that plaintiff had failed to include his co-tenant as a party plaintiff and requested plaintiff to make appropriate amendments to the pleadings. No such amendment was made.

At the completion of the discovery contemplated by the initial motion for summary judgment, the court granted defendant Dorset Apartments motion for summary judgment, granted Goldfeder's and Berger's motion for dismissal, and dismissed the complaint as to Antoine's and its agents because of the failure of plaintiff to complete discovery and because of his failure to include his co-tenant as a party plaintiff. It is from these orders that plaintiff prosecutes his appeal.

[1] As to defendant Dorset Apartments, the complaint alleges that this defendant wrongfully broke into the locked apartment of plaintiff and participated in the unlawful removal of his chattels. In response to interrogatories directed to plaintiff, plaintiff listed those individuals whom he believed to have exclusive knowledge of the facts which generated this allegation. Such individuals have all been subjected to discovery proceedings, and their testimony clearly indicates that Dorset Apartments, through its agents, did not break into the locked room of plaintiff and did not participate in the removal

of his property. On the contrary, such discovery indicates that the participation of Dorset Apartments was limited to yielding to the writs served by defendant Berger.

Plaintiff, however, alleges that a substantial issue of fact remains because of his additional allegation of illegal eviction. This statement of illegal eviction, contained in the final demand paragraph of the complaint, reasonably refers back to the allegation of unlawful entry. The only allegation against defendant Dorset Apartments is the unlawful breaking and entering; the complaint can be reasonably construed to allege a claim against defendant Dorset Apartments both for the conversion of property and for the constructive eviction resulting from such conversion. However, both claims ultimately depend upon the allegation of unlawful entry upon which, as hereinbefore noted, there exists no dispute of material fact which would warrant denial of the motion for summary judgment.

As to defendant, Goldfeder, as noted above, the court granted the motion to dismiss the complaint upon the grounds that the claim was not one upon which relief could be granted. The applicable standard governing such motions was established by this court in *Fish Engineering Corporation v. Hutchinson,* 162 A.2d 722 (1960), wherein we stated:

"A court should not dismiss a complaint for failure to state a claim unless it appears to a reasonable certainty that under no state of facts which could be proved to support the claim asserted would plaintiff be entitled to relief. Mere vagueness or a lack of detail are not alone sufficient ground to dismiss a complaint for failure to state a claim." (At page 724 of 162 A.2d)

In this connection, we note that the court declined

to pass on the motion for a more definite statement but instead elected to dismiss the entire claim.

The opinion of the court below indicates two grounds for its decision. In the first place, the court held that the writs in question were superfluous, since the conditional vendor had a right through the contract to repossess, and the actual participation of the constable was merely intended to prevent a breach of peace. Such a conclusion is not drawn from the body of the complaint but instead represents factual inferences drawn from the discovery proceedings held on the motion of Dorset Apartments for summary judgment. We doubt that propriety of utilizing discovery proceedings involving other parties to support a motion to dismiss, in which the allegations of the complaint are taken as true.[1] In any event, the discovery proceedings clearly indicate that the writs were, in fact, utilized by the constable in order to gain entrance into the apartment in question.

The second ground relied upon by the court below was the holding that the actions of the Justice of the Peace in issuing the three writs of replevin were "pursuant to statutory authorization". It is clear from a reading of the briefs filed by the plaintiff in the court below and before this court that the allegation of plaintiff against defendant Justice of the Peace is predicated upon a contention that the action of the Justice of the Peace in issuing three separate writs of replevin to secure return of goods pledged under a single contract was an attempt to evade the jurisdictional limitations placed upon him by 10 *Del. C.* Sec. 9304. Defendant, however, contends that this allegation does not fairly appear upon the face

---

[1] We are not considering a situation where the Trial Judge did not consider the motion to dismiss as a motion for summary judgment.

of the complaint. The complaint clearly indicates that all of the property in question was sold under a single contract and called for a single monthly payment. In addition, the complaint alleges that the action of the Justice of the Peace was an abuse of process. Considering the purpose and rationale of the rules of pleading, we are of the opinion that the complaint gives adequate notice to defendant Goldfeder that plaintiff alleges the action of the Justice of the Peace in endeavoring to divide a unitary cause of action and thus confer jurisdiction upon himself, was an abuse of process, for which damages are demanded.

It is well settled that a Justice of the Peace may not properly separate a unitary cause of action for purposes of conferring jurisdiction upon himself. See *Bullard v. Thorpe*, 66 Vt. 599, 30 A. 36, 25 L.R.A. 605 (1894) ; *Billingsley v. Wilckens, Staats and Company, Inc.*, 1 Boyce 60, 24 Del. 60, 74 A. 366 (Superior Court, 1909) and 31 Am.Jur., Justices of the Peace, Section 54.

The question, therefore, presented is whether or not the actions of the Justice of the Peace, admittedly improper and in derogation of the limitations expressed in 10 *Del. C.* Section 9304, are sufficient, as alleged in the complaint, to justify the possible imposition of civil liability. The court below, in holding that no liability could be assessed, relied upon *King v. Lank*, 5 Terry 189, 44 Del. 189, 61 A.2d 402 (Superior Court, 1948). That case merely stands for the proposition that a judicial officer acting within the scope of his jurisdiction cannot be held personally liable in a civil proceeding. In the instant case, however, as noted above, the actions of defendant, as pleaded by the complaint, allege actions without foundation in jurisdiction and without compliance with jurisdictional prerequisites. In such case, the Delaware rule has been established in *Woodall v. Bucking-*

*ham*, 6 Terry 360, 45 Del. 360, 74 A.2d 460 (Superior Court, 1950). In Woodall, the Justice of the Peace had directed the constable to execute a writ of eviction prior to the expiration of the five day period required by law. In granting judgment for the plaintiff, the court stated:

"The rule is different, however, where the magistrate acts without jurisdiction. On this subject, Am.Jur. Vol. 31, Justices of the Peace, Section 22, goes on to say: 'Sec. 22—Without Jurisdiction.—The generally accepted rule is that a justice of the peace is civilly liable when he acts without jurisdiction of the person, without a general jurisdiction of the subject matter, or without compliance with jurisdictional prerequisites, irrespective of motive or corruption * * *.' "

It could be argued, although not advanced by the court below or defendant here, that the first writ issued by defendant was a valid exercise of jurisdiction, and, therefore, defendant merely acted in excess of his jurisdiction rather than with an absence of any jurisdiction. In the first place, the complaint clearly indicates that all of the writs were drawn with the common improper purpose of securing the return of all the property in question. In the second place, it would be a question of fact, to be resolved at a subsequent date, whether or not all of the writs were required to remove the property in question.

■■ With respect to defendant Berger, however, a different question is presented. According to the complaint, Berger received the writs from the Justice of the Peace and executed such writs. The complaint alleges that defendant Berger failed to procure the bond required by 10 *Del. C.* Sec. 9634 but, as noted by defendant, the bond is designed to protect the constable rather than inure to the benefit of the possessor of the property in question. Therefore, upon receipt of the writs, apparently

valid on their face, the constable had an affirmative duty to execute the writs and cannot be held civilly liable for the obedience to such duty. See *Hoppe v. Klapperich*, 224 Minn. 224, 28 N.W.2d 780, 173 A.L.R. 819 (1947) and *Clarke v. May*, 2 Gray 410 (Mass.) cited supra.

As noted above, the court below dismissed the complaint as to defendant Antoine's and its agents because of the failure of plaintiff to complete discovery and to include his co-tenant as a party plaintiff. It is important to note that there were no motions by these defendants then pending before the court. The discovery referred to by the court below was relevant only to the motion of Dorset Apartments for summary judgment. The question of inclusion of the co-tenant was clearly relevant only to the action against Dorset Apartments. In any event, counsel for Dorset Apartments, by letter to the court, conceded that the motion for summary judgment could be made without reliance upon the indispensable party question.

Counsel for these defendants now contend that the co-tenant was an indispensable party as to plaintiff's cause of action against them, but this argument is clearly frivolous. Under the terms of the conditional sales contract, the obligation ran from plaintiff alone to the defendant furniture store. Accordingly, as to the store and its agents, plaintiff is the only proper party plaintiff for an action for the conversion of the property in question. See 52 Am. Jur. Torts, Section 96.

Therefore, the action of the court below, in dismissing the complaint as to these defendants, is clearly predicated upon the default of plaintiff as to other defendants. The action of the court was improper. As stated in 27 C.J.S. Dismissal and Nonsuit § 52:

"* * * where plaintiff is in default as against some of defendants, a dismissal as to such defendants does not warrant a dismissal as to those defendants against whom plaintiff is not in default."

Accord: *Tiger v. Spoonmore,* 160 Okl. 188, 16 P.2d 576 (1932).

Judgment is therefore affirmed as to defendant Dorset Apartments, Inc., and Isadore Berger and reversed as to defendants Antoine's, Inc., Anthony Muscelli, Francis Kearney and Abe Goldfeder.