**14.098 ACRES OF LAND, MORE OR LESS, Situate IN BRANDYWINE HUNDRED, NEW CASTLE COUNTY, State of Delaware, Marion L. Rentz and Harry E. Rentz, Jr., her husband, Ernest Lodge Vail and Franklin G. Banks, Guardian of Ernest Lodge Vail, and Unknown Owners, Defendants Below, Appellants,**

v.

**BOARD OF EDUCATION OF the CLAYMONT SPECIAL SCHOOL DISTRICT, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 10, 1970.

Donald W. Booker, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for appellants Marion L. Rentz and Harry E. Rentz, Jr.

Harvey Porter, Wilmington, for appellant Franklin G. Banks, Guardian of Ernest Lodge Vail.

Robert V. Huber, Wilmington, for appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The appellants, Marion L. Rentz and Harry E. Rentz, Jr., her husband, Ernest Lodge Vail, and Franklin G. Banks, Guardian of Ernest Lodge Vail, are the defendants in a condemnation suit brought by appellee, Board of Education of Claymont Special School District, in Superior Court. Appellants owned a tract of land in Brandywine Hundred which the appellee needed for school purposes. The award made after trial amounted to somewhat over $10,000 per acre, in accordance with appellee's evi-

**38**

dence. See Del., 251 A.2d 835. Appellants' evidence tended to show a value of about $18,000 or more per acre. Appellants now contend that the award fails to conform to the evidence and that the Court below erred in allowing the appellee to introduce certain evidence.

The property is roughly in the form of a triangle, the curved hypothenuse of which is bounded by Interstate Highway 95, a limited-access road. There is no direct access to that highway from the condemned property. One of the sides is a straight line somewhat over 1500 feet long next to Radnor Green, a development of single-family residences. The only access on that side is through Radnor Green by a street 50 feet wide. The other side is approximately 462 feet long and abuts the public highway called Harvey Road. Access to that road from this property is limited to a section about 120 feet long. At the trial, appellee introduced into evidence a letter from the State Highway Department which indicated that in the "not-too-distant future" an additional entrance to Interstate 95 from Harvey Road "will be required." That interchange will undoubtedly cause the elimination of all access to Harvey Road from the tract herein involved.

I.

■  Appellants' contention that the award fails to conform to the evidence is this: the only acceptable testimony is that the highest and best use of this tract is for multi-family apartments; the testimony as to value for that purpose is $18,000 per acre; no other award can therefore be justified. This argument necessarily assumes that a rezoning application would be granted if applied for; the property was, at the time of the hearing, zoned for single-family residences, in which multi-family apartments are not permitted. Witnesses testifying on behalf of the owners ex-

pressed the view that rezoning was reasonably probable because of the need for apartment buildings in the area. Real estate appraisers, testifying on behalf of appellee, gave the opinion that a request for rezoning would probably be denied. The evidence on this point was accordingly in direct conflict; the matter was one for the Commission to resolve. Appellants contend that the testimony of appellee's witnesses should not have been considered with respect to the reasonable probability of rezoning because they were real estate appraisers rather than planners. On this question, appellants are clearly wrong; qualified real estate experts are permitted to express opinions on this issue. 0.040 Acres v. State ex rel. State Highway Dept., 7 Storey 173, 198 A.2d 7; 1.77 Acres v. State ex rel. State Highway Dept., Del., 260 A.2d 157. We find nothing in this contention to justify a reversal.

II.

Appellants' second contention is that evidence was admitted improperly with respect to: (1) the possibility of future limitation of access; (2) testimony of an expert witness concerning valuations given by him in a prior condemnation of other lands; (3) opinions as to "political" difficulties arising in rezoning applications.

■  It should be noted that the letter from the State Highway Department concerning the building of an additional interchange was admitted into evidence *without objection* by the appellants. Its admissibility cannot now be questioned by them. In any event, the record indicates that this plan for future construction of the interchange was generaly known, or could have been easily learned, by members of the public; certainly any individual, investigating the property with the view of buying it, would have quickly learned of the proposed plan, and would have assessed its

impact upon value. It is usually proper for the condemnation commission to be given "all the facts which the owner would properly and naturally press upon the attention of a buyer with whom he is negotiating a sale and all the facts which would naturally influence a person of ordinary prudence desiring to purchase." 4 Nichols on Eminent Domain (3d Ed.) 61. Obviously, this plan of the State Highway Department would have been of material interest to a prospective purchaser, even though no one knew when, if ever, it would be carried into effect. The trial Judge did not abuse his discretion in permitting introduction of this evidence.

■ Appellants contend that there was error in permitting appellee's counsel to ask an expert witness what value per acre he had given for another part of appellants' land in a condemnation by the State Highway Department, a figure considerably lower than his estimate in this case. The hearing in the prior case took place only a few months before the trial in the present suit. The question was proper cross-examination; the witness was given full opportunity to explain the apparent discrepancy. There is no error in this regard. 1.77 Acres v. State ex rel. State Highway Dept., *supra*.

■ Finally, appellants contend that certain statements made by one of appellee's experts, concerning a change in the governing organization of New Castle County and its possible bearing on the rezoning problem, should not have been admitted. There was no suggestion in the question or in the answer that the governing body of the County would, in considering rezoning, be swayed by any improper motive or consideration. The witness pointed out that the reorganization of the County Government had brought with it a change in rezoning procedures which, in his opinion, made it more difficult to obtain approval of such applications. No reversible error has been shown in this respect.

The judgment below will be affirmed.